

## U.S. Department of Justice

*United States Attorney*
*Northern District of Mississippi*

---

900 Jefferson Avenue
Oxford MS 38655-3608

662/234-3351
Criminal Division fax 662/234-3372

May 6, 2022

Honorable Goodloe Lewis
Hickman, Goza, and Spragins
1305 Madison Avenue
Oxford, MS 38655

    Re:    United States v. Jamarr Smith
             NDMS Criminal No. 3:21-CR-107

Dear Goodloe:

    We have previously discussed by phone your request for additional discovery dated April 26, but I wanted to provide you with a formal, written response now that I have clarified one additional item. As previously discussed, we have already provided you all of the information in our possess that you requested in items 1, 2a-d, 3, and 4a-b. We don't have any further information to provide you in regard to those requests. As to your questions in 2a and 2b, Stephen Mathews explained to you during our meeting on April 21 how the USPIS made determinations as to which devices identified by Google in response to the geo-fence warrant were relevant or not relevant. As to question 3, I have confirmed with Chris Moody in the Technical Services Unit that he was the person who analyzed the information received from Google and prepared the technical exhibits that we have produced in discovery, including the animated maps. Chris' CV has previously been provided to you.

    As to the requests in 4c and 4d, I don't believe that that information is required to be disclosed pursuant to Rule 16. However, I don't believe that there is any information that I could provide you that is directly related to your request. Essentially, geo-fence is just another form of a search warrant and the USPIS would likely tell you that they are trained to see a search warrant if they have probable cause to support it. In this case, there was clearly probable cause to believe that a violent crime had occurred at the Lake Cormorant Post Office, so it was reasonable for the USPIS to request a geo-fence warrant limited in time and location for the purpose of identifying people (potential suspects) in the area at the time of the armed robbery.

    As to the request in 5a-j, this would only apply if cell phones were seized from the defendant and searched. No cell phone has been seized and searched in this matter.

## Exhibit "F"

If you have any questions, please let me know.

Very truly yours,

CLAY JOYNER
United States Attorney

By: /s/ Robert J. Mims
ROBERT J. MIMS
Assistant United States Attorney