IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS. NO.: 3:21-CR-107-NBB-RP

JAMARR SMITH, et al.

## MOTION IN LIMINE AS TO EXPERT TESTIMONY BY NON-DESIGNATED EXPERTS

COMES NOW, Jamarr Smith, and files this Motion in Limine as to Expert Testimony by Non-Designated Experts, and would state unto the court as follows:

I.

The government has only designated one expert in this case: Christopher Moody

> in the field of cellular phone technology, cellular towers, and the analysis of historical cellular phone records for the purpose of determining the approximate location from which a phone was used at a particular time or range of times. In addition, the government intends to call Mr. Moody as an expert in device location analysis, location data analysis, and Google location data history analysis for the purpose of determining the approximate location from which a device with Google location history activated was used at a particular time or range of times.

(Exh. A, pp. 1-2).

II.

It is anticipated that the government will solicit expert testimony from other law enforcement witnesses based the witness's "training and experience" and knowledge of what "persons engaged in unlawful activity" tend to do or not do.

III.

Federal Rule of Evidence 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the

>witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

By definition, testimony based upon the law enforcement witness's training, experience and specialized knowledge of what criminals do and do not do is expert testimony. *See e.g. United States v. Haines*, 803 F.3d 713, 727 (5th Cir. 2015) (holding that a properly designated expert is required to introduce evidence of the meaning of drug slang); *United States v. Garcia*, 86 F.3d 394, 400 (5th Cir.1996) (stating that expert testimony is required to state "the significance of certain conduct or methods of operation unique to the drug business so long as the testimony is helpful and its relevance is not substantially outweighed by the possibility of unfair prejudice or confusion.").

WHEREFORE, PREMISES CONSIDERED, the defendant Jamarr Smith respectfully requests that the Court prohibit any non-expert government witness from providing expert testimony, particularly as to what criminals do and do not do based upon their training and experience.

RESPECTFULLY SUBMITTED,

JAMARR SMITH

BY: */s/ Goodloe T. Lewis*
GOODLOE T. LEWIS, MSB # 9889
HICKMAN, GOZA & SPRAGINS, PLLC
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000 telephone
(662) 234-2000 facsimile
glewis@hickmanlaw.com

**CERTIFICATE OF SERVICE**

     I, GOODLOE T. LEWIS, attorney for JAMARR SMITH, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record, including:

Robert Mims
Office of the US Attorney
900 Jefferson Avenue
Oxford, MS 38655
rmims@usadoj.gov

     DATED: February 14, 2023.

                                            */s/ Goodloe T. Lewis*
                                            GOODLOE T. LEWIS

GOODLOE T. LEWIS, MSB # 9889
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668