UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:21-CR-107

JAMARR SMITH, et al.

**GOVERNMENT'S RESPONSE TO DEFENDANTS'
MOTION IN LIMINE AS TO INTERPRETATION OF VIDEOS**

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and in response to defendants' Motion in Limine (Doc. #107) would respectfully show unto the Court the following, to wit:

The defendants seek to preclude government witnesses, specifically case agents, from "interpreting" the video of the crime at issue in this case, by, for example, asking questions such as "what is going on here?" or "what do you see the suspect doing?" The government believes that it would certainly be appropriate for the government witnesses to point out things that they observed from the video, particularly as what the case agents observed shaped the direction of the investigation. For example, government agents saw a white SUV drop off the assailant prior to the crime and later, shortly after the assault, come back through the area heading the same direction the assailant had walked off. It would be appropriate for the case agent to state that he saw a white SUV drop off the assailant and later come back to pick up the assailant (or be driving through at a time and in the direction consistent with picking up the assailant) and therefore, agents believed that the driver of the white SUV was involved in the crime and they attempted to identify potential suspects who owned a similar white SUV. Likewise, a red Hyundai followed the victim's mail truck to the scene, drove past the post office, made a u-turn and came back to the front of the post

1

office where he sat for several seconds before pulling forward, where the car eventually settled in front of an abandoned store, in view of the robbery, until the robbery was over. It would be appropriate for the agent to testify that the driver of the red Hyundai appeared to be acting as a lookout, and therefore, agents attempted to identify potential suspects who owned a similar red Hyundai. Such testimony is relevant and admissible to explain the steps that the Postal Inspection service took to further its investigation. Commentary from the case agent as to what he saw in the video and what steps he took as a result of watching the video should not be precluded.

Accordingly, the defendants' Motion in Limine should be denied.

Respectfully submitted, this the 16th day of February, 2023.

                CLAY JOYNER
                United States Attorney


By:   *s/ Robert J. Mims*
       ROBERT J. MIMS
       Assistant United States Attorney
       Ethridge Professional Building
       900 Jefferson Avenue
       Oxford MS 38655-3608
       Telephone 662/234-3351
       Criminal Division fax 662/234-0657

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Goodloe Lewis, Esq.
>glewis@hickmanlaw.com
>
>Paul Chiniche, Esq.
>pc@chinichelawfirm.com
>
>Bill Travis, Esq.
>bill@southavenlaw.com

By:     *s/ Robert J. Mims*
ROBERT J. MIMS
Assistant United States Attorney
