IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II  DEFENDANTS

JURY INSTRUCTION

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened— that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment or formal charge against any defendant is not evidence of guilt. Indeed, all defendants are presumed by the law to be innocent. The defendants begins with a clean slate. The law does not require the defendants to prove their innocence or produce any evidence at all and no inference whatsoever may be drawn from the election of the defendants not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so as to any defendant, you must acquit that defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendants beyond a reasonable doubt before you can find them guilty.

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

I remind you that it is your job to decide whether the government has proved the guilt of the defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon the defendants in a criminal case the burden or duty of calling any witnesses or producing any evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II  DEFENDANTS

JURY INSTRUCTION

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as the defendants in this case, except as you are otherwise instructed.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II  DEFENDANTS

## JURY INSTRUCTION

The defendants have an absolute right not to testify. The fact that the defendants did not testify cannot be considered by you in any way or even discussed in your deliberations.

I remind you that it is up to the government to prove each defendant's guilt beyond a reasonable doubt. It is not up to the defendants to prove that they are innocent.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II  DEFENDANTS

JURY INSTRUCTION

A separate crime is charged against each of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II                                                            DEFENDANTS

JURY INSTRUCTION

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereinafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendants as the perpetrators of the alleged offense. In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and you should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times. You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendants were presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendants. If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendants as the perpetrators of the offense charged, you must find the defendants not guilty.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.                                                                                         CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II                            DEFENDANTS

JURY INSTRUCTION

The indictment charges the defendants with robbery of a person having lawful charge, control, or custody of any mail matter or money and in doing so, putting that person's life in jeopardy by the use of a dangerous weapon. In order for you to find the defendants guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendants took mail matter, money, or property of the United States from the person or presence of Sylvester Cobbs, having lawful charge, control, or custody of such property;

2. The defendants took such property by means of force and violence, or by means of intimidation; and

3. The defendants put the life of Sylvester Cobbs in jeopardy by use of a dangerous weapon.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendants guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendants not guilty of that charge.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II  DEFENDANTS

JURY INSTRUCTION

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

The defendants are charged with conspiring to rob a person having lawful charge, control, or custody of any mail matter or money by the use of a dangerous weapon.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendants guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That a defendant and at least one other person agreed to commit the crime of robbery of a person having lawful charge, control, or custody of any mail matter or money by the use of a dangerous weapon, as charged in the indictment;

*Second:* That the defendants knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:* That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a particular defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict them for conspiracy even though that particular defendant had not participated before and even though that particular defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II  DEFENDANTS

JURY INSTRUCTION

The guilt of any defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of a defendant or if a defendant joins another person and performs acts with the intent to commit a crime, then the law holds that defendant responsible for the acts and conduct of such other persons just as though the defendants had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the defendants either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendants were participants and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that particular defendant voluntarily participated in its commission with the intent to violate the law.

For you to find any defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of robbery of a person having lawful charge, control, or custody of any mail matter or money by the use of a dangerous weapon was committed by some person;

*Second:* That the defendant associated with the criminal venture;

*Third:* That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendants shared the criminal intent of the principal. This element cannot be established if the defendants had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendants engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II  DEFENDANTS

JURY INSTRUCTION

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II  DEFENDANTS

JURY INSTRUCTION

During the trial you heard the testimony of Christopher Moody who expressed opinions concerning cell site and geolocation historical location services. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II                                          DEFENDANTS

JURY INSTRUCTION

If the defendants are found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL CASE NO. 3:21-CR-107-SA

JAMARR SMITH,
THOMAS IROKO AYODELE aka "ROKO",
and GILBERT MCTHUNEL, II                                              DEFENDANTS

JURY INSTRUCTION

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendants guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for

each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.