IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO: 3:21-CR-107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"
and GILBERT MCTHUNEL, II

---

### INSTRUCTION G-1

---

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

The defendants are charged with conspiring to rob a person having lawful charge, control, or custody of any mail matter or money by the use of a dangerous weapon.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant and at least one other person agreed to commit the crime of robbery of a person having lawful charge, control, or custody of any mail matter or money by the use of a dangerous weapon, as charged in the indictment;

*Second:* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:* That at least one of the conspirators during the existence of the conspiracy

knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

U.S. District Judges Association, Fifth Circuit Pattern Jury Instructions 2.15A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:21-CR-107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"
and GILBERT MCTHUNEL, II

---

### INSTRUCTION G-2

---

The indictment charges the defendants with robbery of a person having lawful charge, control, or custody of any mail matter or money and in doing so, putting that person's life in jeopardy by the use of a dangerous weapon. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant took mail matter, money, or property of the United States from the person or presence of Sylvester Cobbs, having lawful charge, control, or custody of such property;

2. The defendant took such property by means of force and violence, or by means of intimidation; and

3. The defendant put the life of Sylvester Cobbs in jeopardy by use of a dangerous weapon.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

7th Circuit Pattern Instructions.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 3:21-CR-107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"
and GILBERT MCTHUNEL, II

---

## INSTRUCTION G-3

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you

find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of robbery of a person having lawful charge, control, or custody of any mail matter or money by the use of a dangerous weapon was committed by some person;

*Second:* That the defendant associated with the criminal venture;

*Third:* That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

U.S. District Judges Association, Fifth Circuit Pattern Jury Instructions '2.04.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                        CRIMINAL NO. 3:21-CR-107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"
and GILBERT MCTHUNEL, II

---

## INSTRUCTION G-4

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

U.S. District Judges Association, Fifth Circuit Pattern Jury Instructions '1.41

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:21-CR-107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"
and GILBERT MCTHUNEL, II

---

## INSTRUCTION G-5

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

U.S. District Judges Association, Fifth Circuit Pattern Jury Instructions '1.25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:21-CR-107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"
and GILBERT MCTHUNEL, II

---

### INSTRUCTION G-6

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

U.S. District Judges Association, Fifth Circuit Pattern Jury Instructions '1.08

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 3:21-CR-107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"
and GILBERT MCTHUNEL, II

---

INSTRUCTION G-7

During the trial you heard the testimony of Chris Moody who expressed opinions concerning cell site and geolocation historical location services. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

U.S. District Judges Association, Fifth Circuit Pattern Jury Instructions '1.18

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:21cr107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO"
And GILBERT MCTHUNEL, II

## **VERDICT FORM**

As to Count One of the Indictment, we, the jury, find the defendant, Jamarr Smith:

_____ Guilty

_____ Not Guilty

As to Count Two of the Indictment, we, the jury, find the defendant, Jamarr Smith:

_____ Guilty

_____ Not Guilty

As to Count One of the Indictment, we, the jury, find the defendant, Thomas Iroko Ayodele:

_____ Guilty

_____ Not Guilty

As to Count Two of the Indictment, we, the jury, find the defendant, Thomas Iroko Ayodele:

_____ Guilty

_____ Not Guilty

As to Count One of the Indictment, we, the jury, find the defendant, Gilbert McThunel II:

_____ Guilty

_____ Not Guilty

As to Count Two of the Indictment, we, the jury, find the defendant, Gilbert McThunel II:

_____ Guilty

_____ Not Guilty

_____
Foreperson

_____
Date

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**VS.**                                                    **CRIMINAL NO. 3:21-CR-107**

**JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO"**
**and GILBERT MCTHUNEL, II**                                  **DEFENDANTS**

<u>INSTRUCTION DEFENDANT 3 -1</u>

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the

defendant is presumed by the law to be innocent. The law does not require a defendant to prove

his innocence or produce any evidence at all. The government has the burden of proving the

defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit GILBERT

MCTHUNEL, II. While the government's burden of proof is a strict or heavy burden, it is not

necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that

the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial

consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof

of such a convincing character that you would be willing to rely and act upon it without

hesitation in the most important of your own affairs.

---

1.05 Pattern Jury Instructions, Criminal Cases, 5th Circuit (2015)
*United States v. Williams*, 20 F.3d 125, 129 n. 1 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 39 (1994)

2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**VS.**                                          **CRIMINAL NO. 3:21-CR-107**

**JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO"**
**and GILBERT MCTHUNEL, II**                     **DEFENDANTS**

INSTRUCTION DEFENDANT 3 - 2

In any criminal case the government must prove not only the essential elements of the offense or

offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity

of the defendant as the perpetrator of the alleged offense[s]. In evaluating the identification

testimony of a witness, you should consider all of the factors already mentioned concerning your

assessment of the credibility of any witness in general, and should also consider whether the

witness had an adequate opportunity to observe the person in question at the time or times about

which the witness testified. You may consider all matters, including the length of time the witness

had to observe the person in question, the prevailing conditions at that time in terms of visibility

or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for

example, the manner in which the defendant was presented to the witness for identification and

the length of time that elapsed between the incident in question and the next opportunity the

witness had to observe the defendant. If, after examining all of the testimony and evidence in the

case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the

offense charged, you must find the defendant not guilty.

---

U.S. District Judges Association, Fifth Circuit Pattern Jury Instructions, 1.31. (Identification
Testimony).

See also *Barber v. United States*, 412 F.2d 775, 777 n.1 (5th Cir. 1969), approving a similar
instruction; see also *United States v. Ramirez-Rizo*, 809 F.2d 1069, 1071–72 (5th Cir. 1987) (not
reversible error to refuse this requested identification instruction).

3

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**VS.**                                                   **CRIMINAL NO. 3:21-CR-107**

**JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO"**
**and GILBERT MCTHUNEL, II**                              **DEFENDANTS**

See generally *Perry v. New Hampshire*, 132 S. Ct. 716 (2012); Watkins v. Sowders, 101 S.Ct. 654 (1981).

4

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**VS.**                                                    **CRIMINAL NO. 3:21-CR-107**

**JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO"**
**and GILBERT MCTHUNEL, II**                              **DEFENDANTS**

<u>INSTRUCTION DEFENDANT 3 - 3</u>

You have heard evidence of acts of the defendant which may be similar to those charged

in the indictment, but which were committed on other occasions. You must not consider any of

this evidence in deciding if the defendant committed the acts charged in the indictment.

However, you may consider this evidence for other, very limited, purposes. If you find beyond a

reasonable doubt from other evidence in this case that the defendant did commit the acts charged

in the indictment, then you may consider evidence of the similar acts allegedly committed on

other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime

charged in the indictment; or

Whether the defendant had a motive or the opportunity to commit the acts charged in the

indictment; or

Whether the defendant acted according to a plan or in preparation for commission of a

crime; or

Whether the defendant committed the acts for which he [she] is on trial by accident or

mistake.

These are the limited purposes for which any evidence of other similar acts may be

considered.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**VS.**                                                    **CRIMINAL NO. 3:21-CR-107**

**JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO"**
**and GILBERT MCTHUNEL, II**                              **DEFENDANTS**

---

U.S. District Judges Association, Fifth Circuit Pattern Jury Instructions, 1.31. (Similar Acts)

Note:
See Fed. R. Evid. 105, 404(b). United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc), setting out the test; United States v. Juarez, 866 F.3d 622, 626-30 (5th Cir. 2017) (applying test); United States v. Pompa, 434 F.3d 800, 806 (5th Cir. 2005) (citing this instruction with approval). See also United States v. Duffaut, 314 F.3d 203, 209–10 (5th Cir. 2002), United States 47 v. Hernandez-Guevara, 162 F.3d 863, 868 (5th Cir. 1998), and United States v. Chiak, 137 F.3d 252, 258 n.3 (5th Cir. 1998) (approving partial or similar instructions).

A limiting instruction may minimize the prejudicial effect of the introduction of similar act evidence at trial. See Huddleston v. United States, 108 S. Ct. 1496, 1502 (1988); Juarez, 866 F.3d at 628-29; United States v. Valas, 822 F.3d 228, 240–41 & n.3 (5th Cir. 2016); United States v. Ebron, 683 F.3d 105, 132 (5th Cir. 2012); United States v. Finley, 477 F.3d 250, 263 (5th Cir. 2007); United States v. Walters, 351 F.3d 159, 166–67 (5th Cir. 2003); United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000).

In United States v. Peterson, 244 F.3d 385 (5th Cir. 2001), several defendants were tried jointly, and Rule 404(b) evidence was introduced only as to one defendant. In reviewing a claim by the other defendants that they were prejudiced, the Fifth Circuit commented that "it might [be] better to use the actual names rather than 'those defendants' in the instructions in order to make crystal clear to the jury that Rule 404(b) evidence against" one defendant "could not be considered, even for 'other, very limited purposes,' against" other codefendants. Id. at 395. See also United States v. Ledezma-Cepeda, 894 F.3d 686, 690-92 (5th Cir. 2018) (limiting instructions dispelled prejudice of Rule 404(b) evidence admitted only against one defendant).

Ordinarily, a court need not issue a specific instruction, sua sponte, on the limits of Rule 404(b) evidence. See United States v. Garcia, 567 F.3d 721, 728–29 (5th Cir. 2009); United States v. Waldrip, 981 F.2d 799, 805–06 (5th Cir. 1993). The court "need not provide a limiting instruction each and every time a prior bad act is introduced into evidence." Hernandez-Guevara, 162 F.3d at 874 (finding no error to fail to issue, sua sponte, a limiting instruction after each piece of similar act evidence is introduced when it was included in the final jury instructions); see also United States v. Brugman, 364 F.3d 613, 621 (5th Cir. 2004).

However, under some circumstances, the failure to give an instruction sua sponte regarding a defendant's prior convictions may constitute plain error. See, e.g., United States v. Gibson, 55 F.3d 173, 180 (5th Cir. 1995); Waldrip, 981 F.2d at 805–06; United States v. Diaz, 585 F.2d 116, 117 (5th Cir. 1978); United States v. Garcia, 530 F.2d 650, 656 (5th Cir. 1976).

6

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**VS.**                                             **CRIMINAL NO. 3:21-CR-107**

**JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO"**
**and GILBERT MCTHUNEL, II**                        **DEFENDANTS**

<u>INSTRUCTION DEFENDANT 3 - 4</u>

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. *U.S. District Judges Association, Fifth Circuit Pattern Jury Instructions, 1.09. (Credibility of Witness)*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                CRIMINAL NO. 3:21-CR-107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO"
and GILBERT MCTHUNEL, II                                    DEFENDANTS

INSTRUCTION DEFENDANT 3 - 5

A separate crime is charged against one or more of the defendants in each count of the

indictment. Each count, and the evidence pertaining to it, should be considered separately. The

case of each defendant should be considered separately and individually. The fact that you may

find one or more of the accused guilty or not guilty of any of the crimes charged should not

control your verdict as to any other crime or any other defendant. You must give separate

consideration to the evidence as to each defendant.

Note

This charge has been cited with approval by the Fifth Circuit. See United States v. Mendoza,

685 F. App'x 345, 351 & n.4 (5th Cir. 2017); See also United States v. Bernegger, 661 F.3d 232,

237 (5th Cir. 2011); United States v. Whitfield, 590 F.3d 325, 354 (5th Cir. 2009); United States

v. Fernandez, 559 F.3d 303, 317 (5th Cir. 2009) (approving some of the language in this

instruction).