IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                              NO.: 3:21-CR-107-NBB-RP

JAMARR SMITH, et al.

**MOTION FOR JUDGMENT OF ACQUITTAL or in the alternative, FOR NEW TRIAL**

COMES NOW, the Defendant, Jamarr Smith, by and through the undersigned counsel moves the court to enter a Judgment of Acquittal, or in the alternative a new trial and in support thereof would say as follows, to wit:

I.

The Court erred in failing to sustain the Motion for Judgment of Acquittal at the close of the Government's case in chief.

II.

The verdict of the Jury in this case was against the overwhelming weight of evidence in this case and the verdict evinced bias and prejudice against the Defendant.

III.

The Defendant is entitled to a Judgment of Acquittal in this case, but because of the failure of the prosecution to prove its case against the Defendant beyond a reasonable doubt that said evidence is insufficient to sustain a conviction.

IV.

The Court erred when it admitted the expert testimony of Chris Moody in the area of cell site and Google data and location analysis. After witness voir dire of Moody, the defendants objected to Moody being qualified as an expert pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court overruled that objection and allowed

Moody to testify in full.

V.

As the Court is well aware, Fed. R. Evid. 702 gives district courts a gatekeeping role to determine the admissibility of expert testimony. *Daubert*, 509 U.S. at 592–93. The Court must find that the evidence is both relevant and reliable before it may be admitted. *Id.* To do so, the Court must evaluate whether the reasoning and methodology underlying the testimony is valid and can be reliably applied to the facts of the case. *Id.* Factors to consider when evaluating reliability include: (1) whether a theory or technique can be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards and controls; and (5) general acceptance of the theory in the scientific or expert community. *Id.* at 593–95; *see Walker v. Caldwell*, 603 F. Supp. 3d 449, 459 (N.D. Miss. 2022) (excluding expert due to failure "to present specific data, facts, principles, or methodologies that have been researched, tested, or generally accepted by the scientific community or another similar community of experts.")

VI.

Moody's testimony was inadmissible because of a complete and total failure on the government's part to establish even the most basic requirements for expert testimony pursuant to *Daubert*. As to the Google location data, it is important to note that Moody had never been accepted in a court of law as an expert on this subject matter. Further, Moody was unable to state:

    A.    Moody has received no training relevant to his opinions about Google location data.

    B.    Moody was unaware of any studies or analysis in the general scientific

community concerning the reliability of this data.

C. Moody was not aware of any peer reviewed publications discussing this technology or validating its reliability.

D. Moody did not know the error rate concerning this technology (or even whether an error rate had been determined).

E. Moody could not testify that this technology had received widespread acceptance in the greater scientific community.

VII.

These failures do not and cannot go to the weight of Moody's testimony – they are fundamental to the *admissibility* of his testimony. The government gave the Court no basis to even determine if the subject matter of Moody's testimony passed muster under *Daubert*. There was no evidence on which the Court could make a determination under its discretion granted by *Daubert*.

WHEREFORE, PREMISES CONSIDERED, the defendant, Jamarr Smith, moves the Court to grant unto him a Judgment of Acquittal. or in the alternative a new trial upon hearing of this motion.

RESPECTFULLY SUBMITTED, this the 2nd day of March 2023

JAMARR SMITH

BY: /s/ Goodloe T. Lewis
GOODLOE T. LEWIS, MSB # 9889
HICKMAN, GOZA & SPRAGINS, PLLC
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000 telephone
(662) 234-2000 facsimile
glewis@hickmanlaw.com

## **CERTIFICATE OF SERVICE**

  I, GOODLOE T. LEWIS, attorney for JAMARR SMITH, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record, including:

Robert Mims
Office of the US Attorney
900 Jefferson Avenue
Oxford, MS  38655
rmims@usadoj.gov

  DATED: March 3, 2023.

                */s/ Goodloe T. Lewis*
                GOODLOE T. LEWIS

GOODLOE T. LEWIS, MSB # 9889
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668