IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                          CAUSE NO. 3:21-CR-107-SA-RP

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"
and GILBERT MCTHUNEL                                                        DEFENDANTS

## ORDER DENYING MOTIONS FOR BOND PENDING SENTENCING

This matter is before the court on the motions filed by the defendants requesting their release on bond pending sentencing in this case. ECF #124, #129, and #139. Each defendant states he can show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. The government, which objected to the defendants' oral requests for bond at the conclusion of trial, has advised that it will not be filing a written response to the instant motions. The court finds the defendants' motions are not well taken and should be denied.

With respect to the release or detention of a defendant pending sentencing, the Bail Reform Act provides, in relevant part, as follows:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Among the offenses described in section 3142(f)(1)(A) is a "crime of

violence." For purposes of the Bail Reform Act, the term "crime of violence" means, among other offenses, "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 1356(a)(4)(A).

In the present case, each of the defendants was convicted at trial of one count of robbing a person having lawful charge, control, and custody of any mail matter, money, and other property of the United States, of such mail matter, money, and property, and in doing so, putting said person's life in jeopardy by the use of a dangerous weapon, in violation of 18 U.S.C. § 2114(a); and one count of conspiring with one another to commit said robbery. The court finds that the robbery count, requiring proof that the defendants put the victim's life in jeopardy by the use of a dangerous weapon, has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another and is therefore a "crime of violence." As such, the defendants are eligible for consideration of bond pending sentencing only if (a) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (b) the government has recommended that no sentence of imprisonment be imposed.

At this time, the government has not recommended that no sentence of imprisonment be imposed in this case. Further, after review of the defendants' respective motions for acquittal and/or new trial, as well as the government's response thereto, the undersigned judicial officer finds no substantial likelihood that any of the motions will be granted. As such, the court need not address or hear evidence on whether any of the defendants is not likely to flee or pose a danger to the safety of any other person or the community if released.

For these reasons, the defendants' motions for bond pending sentencing are DENIED.

SO ORDERED, this the 20th day of March, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE