```
                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF MISSISSIPPI
                          OXFORD DIVISION


UNITED STATES OF AMERICA                                   PLAINTIFF


VS.                                                   NO. 3:21CR107


GILBERT McTHUNEL, II                                       DEFENDANT



                         SENTENCING HEARING


                 BEFORE HONORABLE SHARION AYCOCK
                  UNITED STATES DISTRICT JUDGE


                         Oxford, Mississippi
                           June 13, 2023




APPEARANCES:

For the Government:   ROBERT J. MIMS, Esquire
                      U.S. Attorney's Office
                      900 Jefferson Avenue
                      Oxford, MS  38655


For the Defendant:    PAUL A. CHINICHE, Esquire
                      Chiniche Law Firm, PLLC
                      P.O. Box 1202
                      Oxford, MS  38655-1202


Court Reporter:       PHYLLIS K. McLARTY, RMR, FCRR, CCR #1235
                      Federal Official Court Reporter
                      911 Jackson Avenue East
                      Oxford, MS  38655
```

1  (3:20 P.M.)

2  **THE COURT:** You may call the case.

3  **COURTROOM DEPUTY:** The Court calls Case Number
4  3:21CR107, United States of America versus Gilbert McThunel,
5  II. This is a sentencing hearing.

6  **THE COURT:** Thank you.

7  So, Mr. McThunel, you were previously found guilty by
8  a jury as to Counts 1 and 2 of the indictment. And do you
9  understand that you're here today for sentencing?

10  **THE DEFENDANT:** Yes, ma'am.

11  **THE COURT:** And if -- Counselor, yes, if you would
12  stand. And, Mr. McThunel, if you would stand for me, please.

13  (DEFENDANT AND HIS COUNSEL COMPLY.)

14  **THE COURT:** So, in your case, I have received a
15  sentencing memorandum prepared by your attorney that I have
16  reviewed. I have received a victim statement from Mr. Cobbs
17  and -- I hope I haven't overlooked them. I don't recall seeing
18  any reference letters. Were there?

19  **MR. CHINICHE:** Yes, Your Honor. There are four. They
20  were attached to the sentencing memorandum.

21  **THE COURT:** Oh, that's right. Thank you.

22  **MR. CHINICHE:** Yes, Your Honor.

23  **THE COURT:** Yes, they are attached. So the reference
24  letters that I read are actually attached to the sentencing
25  memorandum.

So, Mr. McThunel, what I want to do is give you an opportunity to speak.

I'll ask you, Mr. Chiniche, do you intend to call any witnesses prior to sentencing?

**MR. CHINICHE:** No, Your Honor.

**THE COURT:** So, Mr. McThunel, I'll start with you and allow you to speak to the Court at this time, anything you would like for me to know or to consider prior to sentencing you. I'll call upon Mr. Mims and then, lastly, give Mr. Chiniche an opportunity to speak on your behalf.

**THE DEFENDANT:** I just want to thank you for your time, Your Honor.

**THE COURT:** Thank you.

Mr. Mims.

**MR. MIMS**: Your Honor, just very briefly.

You made the comment during one of the earlier sentencings in this matter that you thought that -- something to the effect that you thought none of the defendants should get the upper end of the guidelines as to sentence. And I want to make an argument as to why you should at least consider that for Mr. McThunel.

In this case, as you know, we have the robbery of Mr. Sylvester Cobbs, a postal contract carrier, a 65-year-old gentleman. And all of the evidence points to the fact that Mr. McThunel is the actual assailant, the one who took the gun,

1 beat Mr. Cobbs, threatened to shoot him, threatened to kill
2 him, terrorized him, left him physically scarred, left him
3 mentally scarred.
4     And while I think that Mr. Smith and Mr. Ayodele are
5 just as guilty and should be held just as accountable, I can
6 certainly see an argument as to why Mr. McThunel should be held
7 a little more accountable since he was the one actually with
8 the firearm that actually -- you know, that Mr. -- Mr. Smith
9 apparently was a lookout.  Mr. Ayodele drove Mr. McThunel to
10 and from the scene of the robbery, dropped him off and picked
11 him up.  Mr. McThunel is the one that actually physically
12 assaulted Mr. Cobbs, and, therefore, I certainly could make the
13 argument as to why he deserves more time than the others
14 relatively speaking.
15     And so I would remind the Court that we do have, as
16 the Court is well aware, a victim in this case who didn't
17 deserve the beating that he got that day and the terrorization
18 that he got that day, and I would just ask you to hold
19 Mr. McThunel accountable, as you have with the others, and
20 sentence him accordingly.
21     Thank you.
22     **THE COURT:**  Thank you.
23     Mr. Chiniche.
24     **MR. CHINICHE:**  Yes, Your Honor.
25     Academically, my response to Mr. Mims's comment is

1  that Mr. McThunel is subject to sentencing enhancements that
2  are contained in the presentence report that indicate and
3  enhances otherwise sentence for what -- the Government believes
4  that he was the assailant.  Mr. Cobbs could not identify
5  Mr. McThunel.  Mr. Cobbs couldn't identify any of the three
6  defendants.  The Government believes it was Mr. McThunel, but I
7  don't know that that's what the evidence showed.
8          And for those reasons, I think, academically, you
9  know, there's a base offense level for this offense, which is
10 contained in the PSR.  There are a number of enhancements that
11 seem to apply based on the U.S. Sentencing Guidelines, and
12 those account for Mr. Mims's concern.
13         I would like to submit that Mr. -- Mr. McThunel has no
14 prior criminal history.  He has -- he has a number of letters
15 that were written on his behalf indicating that, prior to his
16 arrest and prior to this incident, he was very helpful to his
17 sister, who's in the courtroom here today.  Mr. McThunel
18 provided financial support and emotional support to his sister,
19 and the father of her children didn't do so.
20         The letters indicate that Mr. McThunel was supportive
21 to his mother prior to her death.  The letters indicate that
22 Mr. McThunel would visit his father in West Memphis, Arkansas,
23 up until his -- his being jailed for this -- for this offense
24 after his conviction.
25         The PSR does indicate that he began using marijuana at

a very early age, at the age of 13, and, in his own words, smoked marijuana like a freight train. And when he went into custody, he had a positive test for marijuana, but when he went on pretrial supervision, he had no offenses. He had no violations. And he didn't even test positive for marijuana subsequent to that first test. That is a record, I would submit, that Mr. McThunel understands what the law is and will follow the law.

And for those reasons, Your Honor, I would submit that Mr. McThunel should have a downward variance. He has no criminal history, and he has been supportive of his family. For those reasons, Your Honor, we're asking the Court for some leniency.

Thank you, Your Honor.

**THE COURT:** Mr. Chiniche, I think I failed to ask you and Mr. Mims both if you had any other objections to the presentence report other than the one we dealt with in the hearing.

**MR. CHINICHE:** No, Your Honor. No. There weren't any -- and the Court sustained the previous objection. I understand that his adjusted offense level is now a 31 instead of a 33.

**THE COURT:** Correct.

Any objections by the Government as to any other matters of the presentence report?

1      **MR. MIMS:**  No, Your Honor.

2      **THE COURT:**  The Court adopts the presentence report
3  without change.

4      The Court has previously sustained the objection
5  regarding restraint and the two-level enhancement.

6      No count of conviction carries a mandatory minimum
7  sentence.

8      The adjusted offense level for Mr. McThunel is 31
9  versus 33.  He has a criminal history category of I, and that
10 makes his guideline range 108 up to 135 months, with a fine
11 range of 30,000 up to 300,000.

12     I remind you, sir, that under Count 1 the maximum
13 imprisonment is 5 years.  Under Count 2, it is a 25-year
14 imprisonment term.

15     The sentence is within the guideline range, and the
16 difference between the maximum and minimum of the guideline
17 range exceeds 24 months, and the sentence -- specific sentence
18 is imposed for these reasons.

19     There is restitution in this case, and that is in the
20 amount of 61,331.88.  That will be broken out between Mr. Cobbs
21 and the postal service, and I'll explain that to you in a
22 moment.

23     In imposing sentence, the Court has considered the
24 advisory guideline range, the statutory penalties, and the
25 sentencing factors enumerated in 18 U.S.C., Section 3553(a)(2),

which set forth the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence to criminal conduct; to protect the public; to provide the defendant with educational or vocational training, medical care, or other correctional treatment; to avoid unwarranted sentencing disparities; and to provide restitution to any victim.

The Court finds no reason to depart from the sentence called for by the application of the guidelines inasmuch as the facts as found are the kind contemplated by the Sentencing Commission.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court, Mr. McThunel, that you be committed to the custody of the Bureau of Prisons for a term of 121 months. This consists of 60 months on Count 1 and 121 months on Count 2. That is to be served concurrently.

Mr. Mims, I certainly, prior to you bringing it up, gave consideration to the fact that he is the likely person of the three that was the assaulter of Mr. Cobbs. I thought about that, and at the same time, in the spirit of the conspiracy, I think these three persons planned this and each played a role. And, unfortunately, that might have been your role, but I don't know that one is any less guilty than the other.

So I tried to take into consideration the victim in

1 this case, that it took all three of them doing their
2 respective jobs to bring about the harm and the injury to this
3 victim in this case. So I'm sentencing you with respect to
4 your conduct as part of the conspiracy without finding you any
5 greater at fault if you indeed were the person that assaulted
6 Mr. Cobbs.
7 　　　　　The Court is going to place you on supervised release
8 for a term of 5 years. That consists of 3 years on Count 1 and
9 5 years on Count 2, and that is to run concurrently. The
10 defendant must cooperate in the collection of DNA as a
11 mandatory condition during his supervision.
12 　　　　　Mr. McThunel, there were a number of conditions of
13 standard supervision, 13 or so, in your presentence report.
14 I'm sure you saw those. Obviously, you won't remember each and
15 every one of those after extended incarceration; so those will
16 be reviewed with you by a probation officer upon your release.
17 　　　　　There are some special conditions. One is that you
18 shall provide the probation officer with access to any
19 requested financial information. And you shall not incur any
20 new credit charges or open additional lines of credit without
21 approval of your probation officer. Both of those are there to
22 ensure the collection of the restitution.
23 　　　　　You shall participate in a program of testing and
24 treatment for substance abuse. The details of that will be
25 worked out with you, with your probation officer, but you will

1  stay in that program for as long as your probation officer
2  thinks you need to.
3         You shall not ingest, possess, or otherwise use
4  marijuana or marijuana products unless that is prescribed to
5  you by a licensed physician for legitimate medical reason.
6         You are subject to a search condition.  And that is
7  that you shall submit your person, property, house, residence,
8  paper, vehicles, computers, electronic communications or data
9  storage devices, or an office to a search by a United States
10 Probation Officer.  This search would only take place at a
11 reasonable time and in a reasonable manner.  You do, however,
12 need to advise whomever you're living with that you are subject
13 to this search.
14        As I mentioned earlier, the restitution is $61,331.88.
15 $60,706 of that will go to the postal service; 625.88 will go
16 to Mr. Cobbs, reimbursement for his medical expenses.  You are
17 to start paying this immediately.
18        If a balance is owed at the time you are released from
19 prison, your payments will start within 60 days after release.
20 That will be 10 percent of your gross monthly income but in no
21 event less than $100 per month.
22        Now, you're going to owe this restitution jointly and
23 severally with your other codefendants.  So that will be shared
24 with the other two codefendants.
25        No fine is being imposed due to your inability to pay.

1 However, you do owe a special assessment to the clerk's office
2 in the amount of $200. That's $100 special assessment for each
3 count on two counts.
4 Now, at this time, sir, I'm going to advise you of
5 your right to appeal. You have the right to appeal your
6 conviction and any sentence imposed illegally or as a result of
7 a miscalculation of the guidelines or outside the guideline
8 range or a sentence that you feel is plainly unreasonable.
9 If you cannot afford to pay the cost for an appeal,
10 those costs may be waived by the Court. If you cannot afford
11 to hire counsel, the Court can appoint you counsel for purposes
12 of appeal.
13 Do you understand?
14 **THE DEFENDANT:** Yes, ma'am.
15 **THE COURT:** Any questions, Mr. Chiniche?
16 **MR. CHINICHE:** Yes, Your Honor. I have three things.
17 **THE COURT:** Okay.
18 **MR. CHINICHE:** First, I would like for the record to
19 reflect that we are hereby making objection to the
20 reasonableness of his sentence.
21 **THE COURT:** Noted.
22 **MR. CHINICHE:** Secondly, if the Court would recommend
23 the 500-hour drug program within the BOP. Mr. McThunel may be
24 able to benefit from that based on the PSR.
25 **THE COURT:** Okay. Any objection, Mr. Mims?

1 **MR. MIMS:** No, Your Honor.

2 **THE COURT:** The Court is going to impose in the
3 judgment the 500-hour drug program. I don't know, because of
4 the use of the gun --

5 **MR. CHINICHE:** Right.

6 **THE COURT:** -- that that will help you on your
7 sentence, but it will certainly help you as a person.

8 **THE DEFENDANT:** Yes, ma'am.

9 **THE COURT:** Okay.

10 **MR. CHINICHE:** If he qualifies.

11 **THE COURT:** If he qualifies, yes. Third thing?

12 **MR. CHINICHE:** Mr. McThunel suffers from diabetes. He
13 takes metformin. He has an insulin shot. If there's any way
14 for the Court to recommend a medical facility that can
15 accommodate those types of medical, you know, treatments -- I
16 don't know.

17 **THE COURT:** Mr. McThunel, I can recommend, but I can't
18 promise.

19 **THE DEFENDANT:** Yes, ma'am.

20 **THE COURT:** So all I can do is state -- and the
21 presentence report evidences that you have the diabetes issue.
22 If they see fit, they'll put you at a medical facility, but the
23 Court has no objection to you being at a medical facility.
24 Okay?

25 **THE DEFENDANT:** Yes, ma'am.

1　　　　　**MR. CHINICHE:**　That's all I have.

2　　　　　**THE COURT:**　Mr. Mims, anything?

3　　　　　**MR. MIMS:**　No, Your Honor.

4　　　　　**THE COURT:**　So at this time I will remand you to the

5　custody of the marshal service.　Thank you.

6　　　　(CONCLUDED AT 3:35 P.M.)

# CERTIFICATE

I, Phyllis K. McLarty, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of Mississippi, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing 13 pages are a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Witness my hand, this 31st day of August, 2023.

/s/ Phyllis K. McLarty
PHYLLIS K. McLARTY, RMR, FCRR, CCR #1235
Federal Official Court Reporter