IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.  NO.: 3:21-CR-107-NBB-RP

JAMARR SMITH, et al.

**MOTION FOR REDUCTION IN TERM OF IMPRISONMENT
and/or COMPASSIONATE RELEASE**

COMES NOW, the Defendant, Jamarr Smith (hereinafter "Smith"), by and through the undersigned counsel, and files this Motion for Reduction in Term of Imprisonment and/or Compassionate Release, and would state unto the Court as follows:

I. INTRODUCTION

Amendments to the United States Sentencing Guidelines ("USSG") that go into effect November 1, 2023 allow a defendant to move for a reduction in term of imprisonment or compassionate release under certain enumerated circumstances. Though not in effect at this time, the defendant is filing the instant motion now due to the urgent and necessitous nature of this request. Furthermore, the defendant believes that the Court has inherent power to reduce a term of imprisonment or grant compassionate release under the existing version of the guidelines even though the precise basis for this motion is not listed in the current version. Therefore, this motion is proper at this time.

However, should the Court disagree, the defendant respectfully requests that the Court withhold consideration of this motion until November 1, 2023 or thereafter.

II. STANDARDS

USSG § 1B1.13 (as currently worded), allows the Court to reduce a term of imprisonment "[u]pon motion of the Director of the Bureau of Prisons under 18 USC §

Case: 3:21-cr-00107-SA-RP Doc #: 210 Filed: 09/19/23 2 of 5 PageID #: 2141

3582(c)(1)(a)." It then provides that the Court may reduce a sentence for "extraordinary and compelling reasons." USSG § 1B1.13 (1)(A).

On November 1, 2023, amendments to USSG § 1B1.13 will go into effect. (Amended USSG § 1B1.13, Exh. A). The amendment allows a defendant to seek relief under this guideline. Amended USSG§ 1B1.13(a). The amendment also itemizes some of the extraordinary and compelling reasons to grant compassionate release to include:

> (3) FAMILY CIRCUMSTANCES OF THE DEFENDANT, -
> * * *
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

Amended USSG § 1B1.13(b)(3)(C).

### III. DISCUSSION

To the extent applicable and necessary, Smith has exhausted his administrative remedies with the Bureau of Prisons. (Compassionate Release Denial, Exh. B).

The Court will recall from the sentencing hearing in this case that Smith has extraordinarily significant family responsibilities in that he had custody of two very small children, Jamarri (age 6) and Majesty (age 3). The care of these children has in part fallen on Smith's mother (which has led to great hardship for her) and the children's mother. He was also taking care of his father, Cedric Albritton, who has severe health problems and was unable to care for himself. *See* medical records attached hereto as Exhibit C.

The records attached as Exhibit C are excerpts of 571 pages of records from BMH-Oxford concerning an extended hospitalization of Albritton from February 28, 2023 through March 10, 2023. As the Court can see from the Admission History (p. 10), Albritton was admitted with altered mental status, a history of dementia, a history of strokes and subdural

hemorrhages and a left-sided craniotomy (the left side of his skull had been removed). On examination, he was noted to be oriented to person, but not place or time. (p. 12.) At discharge, after a ten day stay, he was diagnosed with an intra-cranial hemorrhage (stroke). (p. 7.) The record states that Albritton was not eligible for placement in a nursing home or rehab center due to his lack of insurance; therefore he was released into the custody of his son (Jarikk Smith) for care "24/7." As stated in the Presentence Investigation Report and further testified to by their mother, Jackie Smith, at the sentencing hearing, Jarikk Smith is at this time no longer able to care for Albritton due to his need to return to his job in the Atlanta area. Jamarr Smith is the only family member able to care for Mr. Albritton at this time.

The Court should also consider that Smith is a very low risk for engaging in criminal activity if he is released. Smith's only counted criminal history is a simple assault conviction for one criminal history point. All of his issues with domestic violence and simple assault arise from a troubled relationship with the mother of his youngest children, Iantea Lee, where they would squabble, which led to them filing charges on each other. Thus, though Smith cannot do better than a Criminal History Category of I, it should be noted that his single criminal history point probably overstates the seriousness of his criminal history to some extent. He has no drug convictions at all. In short, this is the most serious crime for which Smith has been charged and convicted in his life. Therefore, the likelihood of further criminal activity by Smith is extremely low.

The Court should also consider that Smith had no issues while out on bond, and demonstrated a clear willingness and ability to comply with terms of supervision imposed by the Probation Service.

Finally, the Court should consider whatever conditions of supervision it deems necessary,

including home confinement, etc.

      WHEREFORE, PREMISES CONSIDERED, Smith respectfully requests that the Court grant an immediate reduction in his sentence and/or compassionate release. The defendant requests any further relief that the Court may find warranted in the premises.

                                  RESPECTFULLY SUBMITTED,

                                  JAMARR SMITH

                                  HICKMAN, GOZA & SPRAGINS, PLLC
                                  Attorneys at Law
                                  Post Office Drawer 668
                                  Oxford, MS 38655-0668
                                  (662) 234-4000 telephone
                                  (662) 234-2000 facsimile
                                  glewis@hickmanlaw.com

                      BY:  */s/ Goodloe T. Lewis*
                            GOODLOE T. LEWIS, MSB # 9889

## CERTIFICATE OF SERVICE

I, GOODLOE T. LEWIS, attorney for JAMARR SMITH, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record, including:

Robert Mims
Office of the US Attorney
900 Jefferson Avenue
Oxford, MS 38655
rmims@usadoj.gov

DATED: September 19, 2023.

/s/ Goodloe T. Lewis
GOODLOE T. LEWIS

GOODLOE T. LEWIS, MSB # 9889
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668