# 2023 AMENDMENTS TO THE SENTENCING GUIDELINES, POLICY STATEMENTS, AND OFFICIAL COMMENTARY

## 1. FIRST STEP ACT—REDUCTION IN TERM OF IMPRISONMENT UNDER 18 U.S.C. § 3582(c)(1)(A)

**Reason for Amendment:** This amendment responds to, among other things, the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239, which amended 18 U.S.C. § 3582(c)(1)(A) to authorize courts to grant a motion for a sentence reduction upon a defendant's own motion. Previously, a court was authorized to do so only upon the motion of the Director of the Bureau of Prisons ("BOP"). Congress amended the law for the express purpose, set forth on the face of the enactment, of "increasing the use" of sentence reduction motions under section 3582(c)(1)(A). First Step Act § 603(b).

Section 3582(c)(1)(A) authorizes a court to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons" warrant a reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Congress directed the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Sentencing Reform Act of 1984 ("SRA"), Pub. L. No. 98–473, 98 Stat. 1987, 2023 (codified at 28 U.S.C. § 994(t)). Congress also directed the Commission to promulgate general policy statements regarding the appropriate use of section 3582(c). 28 U.S.C. § 994(a)(2)(C).

For more than 30 years, reductions pursuant to section 3582(c)(1)(A) could be granted only upon the motion of the BOP. BOP filed such motions extremely rarely—the number of defendants receiving relief averaged two dozen per year—and for the most part limited its motions to cases involving inmates who were expected to die within a year or were profoundly and irremediably incapacitated. U.S. Dep't of Just., Off. of the Inspector Gen., The Federal Bureau of Prisons' Compassionate Release Program, I-2013-006 1 & n.9 (2013).

Sentence reductions under section 3582(c)(1)(A) thus came to be known as "compassionate release," though that phrase appears nowhere in the SRA and sentence reductions that do not result in immediate release are authorized by the law. BOP's sparing use of its authority persisted despite guidance from the Commission in 2007 that "extraordinary and compelling reasons" can be based on (a) the medical condition of the defendant, (b) the age of the defendant, (c) the defendant's family circumstances, and (d) reasons other than, or in combination with, those three specified ones. USSG App. C, amend. 698 (effective Nov. 1, 2007).

In 2018, the First Step Act put an end BOP's gatekeeping function and allowed individuals to file motions for sentence reductions under the statute. Because the Commission lost its quorum in early 2019 and did not regain it until 2022, it was unable to amend §1B1.13 during the more than four-year period since defendants were first permitted to file such motions. During those years, courts have found extraordinary and compelling reasons warranting sentence reductions based on all of the factors the Commission identified in

April 27, 2023 | 1

Exhibit "A"

First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)

2007, *i.e.*, the three specified bases of medical condition, age, and family circumstances, and the "other reasons" catchall. Commission data indicate courts have hewed to the "extraordinary and compelling" requirement, *see* U.S. SENT'G COMM'N, COMPASSIONATE RELEASE DATA REPORT (Dec. 2022), at tbls. 10, 12, & 14, and while they have found such circumstances to be present in more cases than BOP had before the First Step Act, they have been judicious in granting relief.

Among other things, the amendment extends the applicability of the policy statement to defendant-filed motions; expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retains the existing "other reasons" catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act.

The amendment is informed by Commission data, including its analysis of the factors identified by courts in granting sentence reduction motions in the years since the First Step Act was signed into law. It is also informed by extensive public comment, including from the Department of Justice, the Federal Public and Community Defenders, the Commission's advisory groups, law professors, currently and formerly incarcerated individuals, and other stakeholders in the federal criminal justice system.

*Applicability to Defendant-Filed Motions and Structural Revisions*

The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions.

The amendment also makes two structural changes to §1B1.13. First, it moves the description of the permissible bases for a reduction from the Commentary to the policy statement itself.

Second, the amendment moves Application Notes 2 and 3 into the body of the policy statement as new subsections (e) and (d). Application Note 3 previously provided that, pursuant to 28 U.S.C. § 994(t), rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for purposes of §1B1.13. New subsection (d) adopts this same language but adds, consistent with the plain language of section 994(t) and courts' interpretations of it, that rehabilitation of the defendant while incarcerated may be considered *in combination* with other circumstances in determining whether extraordinary and compelling reasons warrant a sentence reduction. *See* U.S. SENT'G COMM'N, COMPASSIONATE RELEASE DATA REPORT (Dec. 2022), tbls. 10, 12 & 14 (showing that courts have frequently considered rehabilitation in connection with other factors when granting sentence reduction motions). Application Note 2 provided that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." New subsection (e) retains this instruction without change.

First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)

*Revisions to "Extraordinary and Compelling Reasons"*

The amendment expands the list of specified extraordinary and compelling reasons and retains the "other reasons" basis for a sentence reduction to better account for and reflect the plain language of section 3582(c)(1)(A), its legislative history, and decisions by courts made in the absence of a binding policy statement.

The list of specified "extraordinary and compelling reasons" is expanded by: (a) adding two new subcategories to the "Medical Circumstances of the Defendant" ground for relief; (b) making three modifications to the "Family Circumstances" ground; (c) adding a new ground called "Victim of Abuse"; and (d) adding a new ground called "Unusually Long Sentence," which permits a judge to consider a non-retroactive change in sentencing law as an extraordinary and compelling reason in specified circumstances.

The first of the two new subcategories under "Medical Circumstances of the Defendant" applies when a defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided" and who, without that care, "is at risk of serious deterioration in health or death." The second applies when a defendant, due to personal health risk factors and custodial status, is at increased risk of suffering severe medical complications or death as a result of exposure to an ongoing outbreak of infectious disease or public health emergency. The amendment incorporates several factors courts considered during the COVID-19 pandemic related to the defendant's individual health circumstances, the level of risk at the defendant's facility, and the ability to adequately mitigate the defendant's individualized risk. The public health emergency prong requires that the emergency be declared by the appropriate governmental authority. These new subcategories reflect the medical circumstances not expressly identified in §1B1.13 that were most often cited by courts in granting sentence reduction motions during the pandemic. *See* U.S. SENT'G COMM'N, COMPASSIONATE RELEASE DATA REPORT (Dec. 2022) tbls. 10, 12 & 14.

The second modification to the list of specified extraordinary and compelling reasons revises the "Family Circumstances" ground in three ways. First, it expands the existing provision relating to the death or incapacitation of the caregiver of a defendant's minor child to include a child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition. This expansion reflects the Commission's determination that providing care for a non-minor child with severe caretaking needs presents a circumstance similar to providing care for a minor child, as some courts have recognized. *See, e.g., United States v. Barnes*, No. 3:17-cr-00011, 2021 WL 1269783, at *4 (S.D. Ind. Jan. 29, 2021) (granting a sentence reduction to a defendant whose 21-year-old son had numerous physical and mental disabilities that required 24-hour care, finding these circumstances "to be analogous to a minor child"). Second, the amendment adds a new provision for cases in which a defendant's parent is incapacitated and the defendant would be the only available caregiver. Other than the relationships specified in the current policy statement, a parent has been the family member most often identified as needing care by courts granting sentence reductions under § 3582(c)(1)(A). *See* U.S. SENT'G COMM'N, COMPASSIONATE RELEASE: THE IMPACT OF THE FIRST STEP ACT AND COVID-19 PANDEMIC (2022), at 32; *see also United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (concluding that there is "no reason to discount" a defendant's caregiving

role "simply because the incapacitated family member is a parent and not a spouse," registered partner, or minor child). The third modification to the family circumstances ground for relief adds a provision that applies when the defendant establishes that similar circumstances exist with respect to a person whose relationship with the defendant is similar in kind to that of an immediate family member, and the defendant would be the only available caregiver. This provision recognizes the diversity of family structures in America, and that caretaking needs within all of those family structures may give rise to equally extraordinary and compelling circumstances. The amendment accords with decisions by courts after the First Step Act. *See, e.g., United States v. Griffin*, No. 1:95-cr-00751, 2020 WL 7295765, at *2–3 (S.D. Fla. Dec. 8, 2020) (granting release because the defendant was "the only viable, adequate caregiver for his sister" who had significant cognitive impairment due to vascular dementia and stroke); *United States v. Reyes*, No. 04-cr-970, 2020 WL 1663129, at *3 (N.D. Ill. Apr. 3, 2020) (granting defendant relief to assist in caring for his aunt with stage four cancer, recognizing "non-traditional family arrangements and the need for others in the family to contribute when a relative is sick"). Relief is available under this subsection only if the defendant establishes both the qualifying relationship and that the defendant is the only available caregiver.

The third modification to the list of specified extraordinary and compelling reasons adds a ground for relief at new subsection (b)(4) ("Victim of Abuse"), which applies if a defendant has suffered sexual or physical abuse that was committed by or at the direction of a correctional officer, an employee or contractor of the BOP, or any other individual having custody or control over the defendant. This provision responds to the Department of Justice's ("DOJ") suggestion that a sentence reduction may be appropriate where an individual in BOP custody has been determined to have been the victim of sexual assault perpetrated by BOP personnel. PRINCIPAL ASSOC. DEPUTY ATT'Y GEN. WORKING GRP. OF DOJ COMPONENTS, DEP'T OF JUST., REPORT AND RECOMMENDATIONS CONCERNING THE DEPARTMENT OF JUSTICE'S RESPONSE TO SEXUAL MISCONDUCT BY EMPLOYEES OF THE BUREAU OF PRISONS 22 (2022); *see also* STAFF OF PERMANENT S. SUBCOMM. ON INVESTIGATIONS, 117TH CONG., REP. ON SEXUAL ABUSE OF FEMALE INMATES IN FEDERAL PRISONS (Comm. Print 2022) (summarizing results of investigation into sexual abuse of federal prisoners in BOP custody). New subsection (b)(4) is limited to instances in which the defendant was a victim of either (a) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or (b) physical abuse resulting in "serious bodily injury," as defined at §1B1.1, while in custody serving the term of imprisonment sought to be reduced. New subsection (b)(4) provides that the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless the defendant establishes that such proceedings are unduly delayed or the defendant is in imminent danger.

Apart from the specified extraordinary and compelling reasons, the amendment retains the "Other Reasons" catchall ground currently found in Application Note 1(D). It also makes clear that extraordinary and compelling reasons exist if the defendant presents any other circumstance or combination of circumstances that, considered by themselves or together with any of the reasons specified in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4). The Commission considered but specifically rejected a requirement that "other reasons" be similar in nature and consequence to the

specified reasons. Rather, they need be similar only in gravity, a requirement that inheres in the statutory requirement that they present extraordinary and compelling reasons for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A).

The Commission recognized that during the period between the enactment of the First Step Act in 2018 and this amendment, district courts around the country based sentence reductions on dozens of reasons and combinations of reasons. Based on a careful review of those cases, the Commission continues to believe what is stated in Application Note 4 to the current policy statement, *i.e.*, that judges are "in a unique position to determine whether the circumstances warrant a reduction." Guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate.

The fifth modification to the list of specified extraordinary and compelling reasons appears in new subsection (b)(6) ("Unusually Long Sentence") and permits non-retroactive changes in law (other than non-retroactive amendments to the Guidelines Manual) to be considered extraordinary and compelling reasons warranting a sentence reduction, but only in narrowly circumscribed circumstances. Specifically, where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, the change in law can qualify as an extraordinary and compelling reason after the court has fully considered the defendant's individualized circumstances.

One of the expressed purposes of section 3582(c)(1)(A) when it was enacted in 1984 was to provide a narrow avenue for judicial relief from unusually long sentences. S. REP. NO. 98–225 (1983). Having abolished parole in the interest of certainty in sentencing, Congress recognized the need for such judicial authority. In effect, it replaced opaque Parole Commission review of every federal sentence with a transparent, judicial authority to consider reducing only a narrow subset of sentences—those presenting "extraordinary and compelling" reasons for a reduction.

Subsections (b)(6) and (c) operate together to respond to a circuit split concerning when, if ever, non-retroactive changes in law may be considered as extraordinary and compelling reasons within the meaning of section 3582(c)(1)(A). *Compare United States v. Ruvalcaba*, 26 F.4th 14, 16, 26–28 (1st Cir. 2022) (holding that non-retroactive changes in sentencing law may be considered in light of a defendant's particular circumstances), *United States v. McCoy*, 981 F.3d 271, 286–88 (4th Cir. 2020) (same), *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (same), *and United States v. McGee*, 992 F.3d 1035, 1047–48 (10th Cir. 2021) (same), *with United States v. Andrews*, 12 F.4th 255, 260–62 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022) (holding that non-retroactive changes in law are not permissible considerations), *United States v. McMaryion*, 64 F.4th 257, 259–60 (5th Cir. 2023) (same), *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022) (en banc) (same), *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (same), *United States v. Crandall*, 25 F.4th 582, 585–86 (8th Cir. 2022) (same), *and United States v. Jenkins*, 50 F.4th 1185, 1198, 1198 (D.C. Cir. 2022) (same).

The Commission considered whether the foregoing split among the circuit courts of appeals was properly addressed by the Commission, which typically resolves such disagreements when they relate to its guidelines or policy statements, *see Braxton v. United States*, 500 U.S. 344 (1991), or by the Supreme Court. In making that determination, the Commission was influenced by the fact that on several occasions the Department of Justice successfully opposed Supreme Court review of the issue on the ground that it should be addressed first by the Commission. *See, e.g.*, Brief For the United States in Opposition to Grant of Certiorari, *Jarvis v. United States*, No. 21-568, 2021 WL 5864543 (U.S. Dec. 8, 2021); Memorandum For the United States in Opposition to Grant of Certiorari, *Watford v. United States*, No. 21-551, 2021 WL 5983234 (U.S. Dec. 15, 2021); Memorandum For the United States in Opposition to Grant of Certiorari, *Williams v. United States*, No. 21-767, 2022 WL 217947 (U.S. Jan. 24, 2022); Memorandum For the United States in Opposition to Grant of Certiorari, *Thacker v. United States*, No. 21-877, 2022 WL 467984 (U.S. Feb. 14, 2022).

The amendment agrees with the circuits that authorize a district court to consider non-retroactive changes in the law as extraordinary and compelling circumstances warranting a sentence reduction but adopts a tailored approach that narrowly limits that principle in multiple ways. First, it permits the consideration of such changes only in cases involving "unusually long sentences," which the legislative history to the SRA expressly identified as a context in which sentence reduction authority is needed. *See* S. REP. NO. 98–225, at 55 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3238–39. ("The Committee believes that there may be unusual cases in which the eventual reduction in the length of a term of imprisonment is justified by changed circumstances. These would include cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offense of which the defender [sic] was convicted have been later amended to prove a shorter term of imprisonment.")). Second, the change in law itself may be considered an extraordinary and compelling reason only where it would produce a gross disparity between the length of the sentence being served and the sentence likely to be imposed at the time the motion is filed. Finally, to address administrative concerns raised by some commenters, the amendment limits the application of this provision to individuals who have served at least 10 years of the sentence the motion seeks to reduce. Commission data show that between fiscal year 2013 and fiscal year 2022, fewer than 12 percent (11.5%) of all offenders were sentenced to a term of imprisonment of ten years or longer.

Subsection (b)(6) excludes from consideration as extraordinary and compelling reasons warranting a reduction in sentence changes to the Guidelines Manual that the Commission has not made retroactive. Public comment requested that the Commission clarify the interaction between §1B1.13 and §1B1.10, and the Commission determined that excluding non-retroactive changes to the guidelines from consideration as extraordinary and compelling reasons was consistent with §1B1.10 and the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010).

To more fully address the proper role of changes in law in this context, the amendment also adds a new subsection (c) to the policy statement. Whereas subsection (b)(6) narrowly limits the circumstances in which a non-retroactive change in the law can constitute an

extraordinary and compelling reason that itself can warrant a reduction in sentence, subsection (c) of the amended policy statement governs the use of changes in the law in cases where a defendant "otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction." In those circumstances, *all* changes in law, including non-retroactive amendments to the Guidelines Manual, may properly be considered in determining the extent of a sentencing reduction. For example, a defendant's motion may present the following circumstances: (a) commendable rehabilitation while incarcerated; (b) the offense conduct occurred when the defendant was in his late teens or early twenties; and (c) pursuant to intervening legislation or intervening Guidelines amendments, the sentence likely to be imposed at the time of the motion would be lower than the sentence being served, but not grossly so. In those circumstances, the change in law could not properly be considered an extraordinary and compelling reason warranting a reduction in sentence. However, if the court determines that the combination of the other two factors constitutes an extraordinary and compelling reason, the change in law is among the broad array of factors that may properly be considered in determining the extent of any such reduction. This aspect of the amendment is fully consistent with *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

Finally, the requirements in subsection (b)(6) that the defendant be serving an unusually long sentence and have served at least ten years of such sentence are not applicable to cases not covered by that subsection. Those requirements apply only when a defendant seeks to have a non-retroactive change in law itself be considered an extraordinary and compelling reason warranting a reduction in sentence.

### *New Application Notes Regarding Interaction with 18 U.S.C. § 3622 and Notification of Victims*

The amendment also adds two new application notes to the Commentary to §1B1.13. New Application Note 1 provides that a reduction under this policy statement is not appropriate when temporary release under 18 U.S.C. § 3622 (a furlough granted by the Bureau of Prisons) "adequately addresses" the defendant's circumstances. This new application note responds to public comment, including comment from the Criminal Law Committee for the Judicial Conference of the United States, urging the Commission to clarify that this policy statement is not intended to address temporary medical or family circumstances that a BOP-granted furlough adequately addresses.

New Application Note 2 "encourages the court to make its best effort to ensure that any victim of the offense is reasonably, accurately, and timely notified, and provided, to the extent practicable, with an opportunity to be reasonably heard, unless any such victim previously requested not to be notified." Although § 3582(c)(1)(A) does not require a court to conduct a public court proceeding before resolving a motion, and in many cases the passage of time can make victim identification and notification difficult, the Commission encourages the court to make its best effort to notify any victims and, to the extent public court proceedings are held, afford them an opportunity to be heard, unless the victim previously requested not to be notified.

*Conforming Changes*

Finally, as conforming changes, the amendment deletes Application Notes 4 and 5 and makes a minor technical change to the Background Commentary. Application Note 4 reflected that only the Bureau of Prisons could file a motion under 18 U.S.C. § 3582(c)(1)(A) before the First Step Act and, as such, "encourage[d] the Director of the Bureau of Prisons to file such a motion." Application Note 5 provided that "[a]ny reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement." These two application notes were deleted because a motion by the Director of the Bureau of Prisons is no longer required after the enactment of the First Step Act. The Background Commentary is also amended to reflect that the Commission is "required," as opposed to "authorized," to "describe what should be considered extraordinary and compelling reasons for sentence reduction."

**Amendment:**

### §1B1.13. Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)

(a) IN GENERAL.—Upon motion of the Director of the Bureau of Prisons or the defendant ~~under~~ pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)  (A)  extraordinary and compelling reasons warrant the reduction; or

    (B)  the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2)  the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)  the reduction is consistent with this policy statement.

(b) EXTRAORDINARY AND COMPELLING REASONS.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

    (1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT.—

        (A) {The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an ~~end-of-life~~ end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific

time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.}*

(B) {The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.}*

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

(2) {AGE OF THE DEFENDANT.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.}*

(3) FAMILY CIRCUMSTANCES OF THE DEFENDANT.—

---

\* The text in braces currently appears in the Commentary to §1B1.13. The amendment places the text here.

(A) {The death or incapacitation of the caregiver of the defendant's minor child or ~~minor children~~ the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.}**

(B) {The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.}*

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) VICTIM OF ABUSE.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or

(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

---

\* The text in braces currently appears in the Commentary to §1B1.13. The amendment places the text here.

\*\* The text in braces currently appears in the Commentary to §1B1.13 The amendment places the text here with the changes shown in revision marks.

First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)





(d) {REHABILITATION OF THE DEFENDANT.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.}**

(e) {FORESEEABILITY OF EXTRAORDINARY AND COMPELLING REASONS.—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.}*

---

\* The text in braces currently appears in the Commentary to §1B1.13. The amendment places the text here.
\*\* The text in braces currently appears in the Commentary to §1B1.13 The amendment places the text here with the changes shown in revision marks.

**Commentary**

**Application Notes:**

1. ~~**Extraordinary and Compelling Reasons.**— Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:~~

   (A) ~~**Medical Condition of the Defendant.**—~~

   (i) ~~The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.~~

   (ii) ~~The defendant is—~~

   (I) ~~suffering from a serious physical or medical condition,~~

   (II) ~~suffering from a serious functional or cognitive impairment, or~~

   (III) ~~experiencing deteriorating physical or mental health because of the aging process,~~

   ~~that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.~~

   (B) ~~**Age of the Defendant.**— The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.~~

   (C) ~~**Family Circumstances.**—~~

   (i) ~~The death or incapacitation of the caregiver of the defendant's minor child or minor children.~~

   (ii) ~~The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.~~

   (D) ~~**Other Reasons.**— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).~~

2. ~~**Foreseeability of Extraordinary and Compelling Reasons.** For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.~~

First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)

3. ~~Rehabilitation of the Defendant.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.~~

4. ~~Motion by the Director of the Bureau of Prisons.—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.~~

~~This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.~~

5. ~~Application of Subdivision (3).—Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.~~





**Background:** The Commission is required by 28 U.S.C. § 994(a)(2) to develop general policy statements regarding application of the guidelines or other aspects of sentencing that in the view of the Commission would further the purposes of sentencing (18 U.S.C. § 3553(a)(2)), including, among other things, the appropriate use of the sentence modification provisions set forth in 18 U.S.C. § 3582(c). In doing so, the Commission is ~~authorized~~ **required** by 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." This policy statement implements 28 U.S.C. § 994(a)(2) and (t).

\* \* \*