IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:21-CR-107

JAMARR SMITH

## RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION IN TERM OF IMPRISONMENT and/or COMPASSIONATE RELEASE

Comes now, the United States of America, by and through its attorney, Clay Joyner, United States Attorney for the Northern District of Mississippi, and responds to the Defendant's Motion for Reduction in Term of Imprisonment and/or Compassionate Release [Doc. 210], and would show unto the Court as follows:

The defendant, along with two other co-conspirators, was charged in a two-count Indictment in October 2021. Count Two charged the defendants with robbing Sylvester Cobbs, a person having lawful charge, control, and custody of any mail matter, money, and other property of the United States, of such mail matter, money, and property, and in doing so, putting Sylvester Cobb's life in jeopardy by the use of a dangerous weapon. Count One charged the defendants with conspiring to do the same. On February 24, 2023, following a four-day trial, a jury found the defendant, and his two co-conspirators, guilty of both counts of the Indictment. The defendant was taken into custody and subsequently sentenced to 121 months of incarceration. Now, after serving approximately seven months of a 121-month sentence, the defendant has asked for his release from incarceration.

The defendant moves for an immediate reduction in sentence and/or compassionate release under the pending amendments to the U.S. Sentencing Guidelines which, once the amendments take effect in November, broaden the scope of extraordinary and compelling reasons for which a court may consider a reduction to a term of imprisonment under U.S.S.G. § 1B1.13. The

defendant's basis for his motion is that he has two young children that he needs to care for, that his father is in bad health and needs someone to care for him, and that he is a very low risk for engaging in criminal activity if released.

The defendant's motion should be denied. People should be held accountable for their actions and when someone is convicted of a violent crime, he should be sentenced accordingly and serve his full term of incarceration. To do otherwise only further erodes the stability of our country, leading to chaos and lawlessness. We can already see the effects throughout our country of policies that allow crime to go unpunished. Releasing the defendant as requested would effectively grant a license to commit crime to all those with small children or ailing parents.

While we can be sympathetic to the plight of the defendant's children and ailing father, most of us have children, parents, and/or other family members who need some level of care and attention, and who will likely suffer if we are incarcerated. The time to think about your family who may need you is before you commit a crime, not after you are convicted. In this case, the defendant actively participated in a violent crime in which an older gentleman was beaten, traumatized, held at gunpoint, and threatened with being killed. The defendant deserves every month of his sentence of incarceration and to release the defendant or reduce his sentence would be a miscarriage of justice and a travesty to the victim and his family.

While § 1B1.13 is set to be amended, one provision that is not set to be changed is § 1B1.13(a)(2), which provides that for the court to consider a reduction in sentence, the court must determine that "the defendant is not a danger to the safety of any other person or to the community." As set forth above, the defendant participated in a violent crime in which the victim was beaten and traumatized. Based on the very nature of this crime alone, the government would respectfully argue that the defendant is clearly a danger to the safety of others and to the community. Accordingly, the defendant cannot make the necessary showing under § 1B1.13 regardless of any other factors and his motion must be denied.

Finally, the defendant argues that he is a very low risk for engaging in further criminal activity. While the defendant may not have been convicted of other criminal activity in the past, that certainly doesn't mean that he has not participated in other criminal activity. Again, given the nature of the crime committed by the defendant in this matter, the government would disagree that the defendant is a low risk for further criminal activity.

## Conclusion

The defendant should be held accountable for the violent crime that he committed. The defendant has failed to show that he is not a danger to the safety of any other person or the community. For these reasons, this Court should deny defendant's Motion for Reduction in Term of Imprisonment and/or Compassionate Release.

This the 28th day of September, 2023.

Respectfully submitted,

CLAY JOYNER,
United States Attorney
MS Bar No. 10316

By:  /s/ Robert J. Mims            .
ROBERT J. MIMS, MS Bar No. 9913
Assistant United States Attorney
900 Jefferson Ave.
Oxford, MS 38655
Telephone: (662) 234-3351
Fax: (662) 234-0657

**CERTIFICATE OF SERVICE**

I, Robert J. Mims, AUSA, do hereby certify that I have this day electronically filed the foregoing **Response to Defendant's Motion for Reduction in Term of Imprisonment and/or Compassionate Release** with the Clerk of the Court using the CM/ECF system and that the following parties will be notified electronically of filing:

glewis@hickmanlaw.com
Honorable Goodloe Lewis

This the 28th day of September, 2023.

 /s/ Robert J. Mims
ROBERT J. MIMS