IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO.: 3:21-CR-107-SA

THOMAS AYODELE

### GOVERNMENT'S RESPONSE TO MOTION FOR SENTENCE REDUCTION SUGGESTING LACK OF JURISDICTION BECAUSE OF PENDING APPEAL

Defendant Thomas Ayodele has brought a pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guideline ("USSG") Amendment 821, arguing that his sentence should be reduced because his criminal history contains points counted from a state possession of marihuana conviction. Ayodele is currently appealing his conviction before the U.S. Court of Appeals for the Fifth Circuit (Case No. 23-60321), so the Court no longer has direct jurisdiction of the case. *United States v. Willis*, 76 F.4th 467, 473 (5th Cir. 2023), ("Regardless, even if § 3582 did give the district court the authority to re-sentence Willis in this context, it did not give that court the jurisdiction to do so after Willis had already filed his notice of appeal.").

Further, Ayodele misreads his conviction which is a conviction for possession of cocaine (Presentence Investigation Report ("PSR"), ¶ 35), not marihuana. He also misunderstands § 3582(c), which is inapplicable to Ayodele because no sentencing range has been reduced for cocaine powder or marihuana convictions under Amendment 821 (which changes criminal history calculation of status points and makes a reduction available to

certain offenders with zero criminal history points). Even were the Court to have jurisdiction over Ayodele, his motion is not eligible for sentence reduction under §3582(c)(2). The Court should dismiss the motion for lack of jurisdiction.

**History**

A grand jury indicted Thomas Ayodele and two other defendants for conspiracy to rob a US Postal employee of mail matter and armed robbery of a US Postal employee. Doc. 1. At trial a jury convicted Ayodele of both counts. Doc. 132. US Probation conducted a presentence investigation and compiled its findings into a PSR. That report found that Ayodele and the others robbed a post office with a firearm; that the victim suffered bodily injury and was physically restrained in the robbery, and that $60,706 was stolen during the robbery. PSR, ¶¶ 7-29. This resulted in an offense level of 33. PSR, ¶ 33.

Ayodele had one countable conviction for criminal history calculation. In 2009 he received a 3-year state incarceration term for possession of cocaine. PSR, ¶ 35. He received 3 criminal history points for receiving a sentence of more than one year. PSR, ¶37. He was not under supervision or parole when he committed the instant offense; so, he received no status points under USSG § 4A1.1(d) (now § 4A1.1(e) (Nov. 1, 2023)). With three points, his criminal history category was II. PSR, ¶ 38. With an offense level of 33 and criminal history category of II, his recommended sentence range was 151-188 months.

On June 13, 2023, the Court sentenced Ayodele. It granted a 2-level offense level reduction by finding that the victim was not restrained and reduced the offense level to 31, resulting in a sentence range of 121-151 months. Doc. 208, pp, 8-9. The Court then sentenced Ayodele to a 136-month term of incarceration. Doc. 208, p. 10; Doc. 190. The

criminal judgment was filed on June 15, 2023. Doc. 190. Ayodele filed a valid notice of appeal on June 21, 2023. Doc. 196.

The appeal is pending with oral argument scheduled before the Court of Appeals for the Fifth Circuit on April 5, 2024. *US v. Smith, et al*, Cause No. 23-60321, Doc. 82 (5th Cir. Feb. 22, 2024).

## Jurisdiction

Ayodele is appealing the conviction of this matter. "This [is] 'an event of jurisdictional significance.' 'It confer[s] jurisdiction on the court of appeals and divest[s] the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Willis*, 76 F.4th 467, 471 (5th Cir. 2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). "[T]he filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005) (quotation omitted). "The general rule is that a case can exist only in one court at a time, and a notice of appeal permanently transfers the case to [the court of appeals] until we send it back." *United States v. Lucero*, 755 F. App'x 384, 386–87 (5th Cir. 2018) (per curiam).

Accordingly, the Court does not have jurisdiction over Ayodele's § 3582(c)(2) motion and should dismiss the motion.

### Inapplicability of § 3582(c)(2) and Amendment 821 to Ayodele were the Court to Have Jurisdiction over His Motion for Sentence Reduction.

Ayodele argues that Amendment 821 should allow the Court, at its discretion, to grant a sentence reduction. He couches it in terms of his being convicted of marihuana

possession.[1] Doc. 214. At sentencing Ayodele's counsel cited his 2009 conviction for marihuana possession. Doc. 208, p. 5. That was incorrect. The PSR clearly shows the conviction was for cocaine. PSR, ¶ 35. Even so, were Ayodele's prior conviction for marihuana possession, nothing in Amendment 821 refers to sentence reductions for marihuana convictions.

Amendment 821 makes sentence reductions retroactively available to courts at their discretion if a defendant's status points under USSG § 4A1.1(e) would reduce if applied to the criminal history calculation or if a defendant has zero criminal history points and did not have certain sentencing guideline enhancements or is convicted of certain types of case, as set forth in USSG § 4C1.1(a). USSG, Appendix C, Amendment 821 (Nov. 1, 2023).

### No Status Points Assigned

Ayodele did not commit the offense while under criminal justice sentence. PSR, Appendix C, Amendment 821 Part A, Criminal History. No status points were assigned under USSG § 4A1.1(d) Nov. 1, 2021)[2]. See, PSR, ¶¶ 37-38. Retroactive application of Amendment 821, Part A, would result in no reduction of Ayodele's criminal history category.

---

[1] He also takes the opportunity to complain about the Court's decision to not suppress certain evidence in the case, but that is the subject of his direct appeal and has nothing to do with Amendment 821 or § 3582(c)(2).

[2] USSG § 4A1.1(d) has now been moved to §4A1.1(e) (Nov. 1, 2023).

### Not A Zero-Point Offender

Ayodele had 3 criminal history points because he effectively received a 3-year sentence for possession of cocaine in 2009. PSR, ¶ 35. Thus Amendment 821 Part B would not apply because Ayodele is not a zero-point offender. Also, Ayodele did use violence and a firearm was involved in the instant offense of conviction, further precluding application of USSG § 4C1.1(a) because of subsections (a)(3) and (7).

Even if the Court had jurisdiction over this motion, Amendment 821 simply does not apply to Ayodele's sentence. The Court should dismiss the motion for lack of jurisdiction.

### Conclusion

The Court should dismiss the motion for lack of jurisdiction because the Court of Appeals has jurisdiction of the case while it is on appeal.

This submitted the 28th day of February, 2024.

Respectfully submitted,

CLAY JOYNER
United States Attorney
Mississippi Bar No. 10316

*/s/ Paul D. Roberts*
PAUL D. ROBERTS
Assistant United States Attorney
Mississippi Bar No. 5592

<u>CERTIFICATE OF SERVICE</u>

I, Paul D. Roberts, certify that I electronically filed the foregoing **Government's Response to Motion for Sentence Reduction Suggesting Lack of Jurisdiction Because of Pending Appeal** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> William F. Travis
> bill@southavenlaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

> Thomas Ayodele, Reg. No. 73342-509
> FCC Yazoo City Low II
> P.O. Box 5000
> Yazoo City, MS 39194

This the 28th day of February, 2024.

> /s/ Paul D. Roberts
> PAUL D. ROBERTS
> Assistant United States Attorney