RECEIVED
MAY 02 2024
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**OXFORD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **V.** | § | **CRIMINAL CASE No.:3:21-CR-107SA** |
| **THOMAS AYODELE.** | § | |

### THOMAS AYODELE'S REPLY TO THE GOVERNMENT'S RESPONSE

The government is incorrect!! Thomas AYODELE's state conviction is for **POSSESSION OF MARIJUANA** not for possession of cocaine. Specifically, the amended sentencing order says: "This date 1-6-09 into open court came the District Attorney and the defendant who was represented by counsel, Hon. John Turner. The defendant was lawfully indicted and arranged on the charge(s) of SALE OF A CONTROLLED SUBSTANCE - REDUCED TO POSSESSION OF MARIJUANA - 1 COUNT ... It is therefore ordered and adjudged that the defendant is hereby sentenced to serve a term of 10 yrs in an institution to be designated by the Mississippi Department of Corrections with 7yrs suspended and 3 yrs to serve." See exhibit 1.

In addition, the government is incorrect to suggest that "no sentencing range has been reduced for ... [M]arihuana convictions under Amendment 821." See Gov's Response at 1.

In fact, Amendment 821's Part C – Impact of Simple Possession of Marihuana Offenses, instructs otherwise. The following is quoted to prove that the government ignores this fact against THOMAS's constitutional rights:

**"Part C (Impact of Simple Possession of Marihuana Offenses)**

The Commentary to §4A1.3 captioned "Application Notes", as amended by Part B, Subpart 3 of this amendment, is further amended in Note 3 by striking the following:Downward Departures.—

(A) Examples.—A downward departure from the defendant's criminal history category may be warranted based on any of the following circumstances:

(i) The defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.

**(ii) The defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person.**

(B) Downward Departures from Criminal History Category I.—A departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited under subsection (b)(2)(A), unless otherwise specified.".

**Reason for Amendment:**

This amendment is the result of several Commission studies regarding the nature of the criminal history of federal offenders, including analyses of the number and types of prior convictions included as criminal history and the ability of the criminal history rules to predict an offender's likelihood of rearrest. While these studies continue to recognize the close association between an offender's criminal history calculation under the guidelines and the likelihood of future recidivism, the amendment makes targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders

with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses. These targeted amendments balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that reflect the statutory purposes of sentencing.

Part C of the amendment revises the Commentary to §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)) to include sentences resulting from possession of marihuana offenses as an example of when a downward departure from the defendant's criminal history may be warranted.

Specifically, Part C provides that a downward departure may be warranted if the defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person. Most commenters, including the Department of Justice, supported this change. See Letter from Jonathan J. Wroblewski, Dir., Crim. Div., U.S. Dep't of Just., to Hon. Carlton W. Reeves, Chair, U.S. Sent'g Comm'n (Feb. 27, 2023), in U.S. Sent'g Comm'n, 2022–2023 Amendment Cycle Proposed Amendments/Public Comment (2023); see also U.S. Sent'g Comm'n, 2022–2023 Amendment Cycle Proposed Amendments/Public Comment (2023) (providing numerous public comment supporting the amendment).

The Commission also relied upon its recently published report on the impact of simple possession of marihuana offenses on sentencing. See U.S. Sent'g Comm'n, Weighing the Impact of Simple Possession of Marijuana: Trends and Sentencing in the Federal System (2023), available at https://www.ussc.gov/research/research-reports/weighing-impactsimplepossession-marijuana.

3

In that study, the Commission found that 4,405 federal offenders (8.0%) received criminal history points under the federal sentencing guidelines for prior marihuana possession sentences in fiscal year 2021. Most such prior sentences were for state court convictions resulting in less than 60 days in prison or non-custodial sentences. The Commission also found informative that ten percent (10.2%) of these 4,405 offenders had no other criminal history points, and that for 40 percent (40.1%) of the 4,405 offenders (1,765), the criminal history points for prior marihuana possession sentences resulted in a higher Criminal History Category."

The government is attempting to mislead this Honorable District Court by arguing that "at sentencing AYODELE's counsel cited his 2009 conviction for marihuana possession. Doc. 208, p.5. That's was incorrect. The PSR clearly shows the conviction was for cocaine. Even so, were AYODELE's prior conviction for marihuana possession, nothing in Amendment 821 refers to Sentence reductions for marihuana convictions." See Gov's Response at 4.

In order to prove that the government is TOTALLY INCORRECT, AYODELE is submitting his Sentencing Hearing Transcripts as Exhibit 2 for proper verification on the correct statement of fact and law in regards to the marihuana convictions. Clearly PSR is wrong and must be rectified should this Honorable District Court's discretion allows. After all, the government conceds that "AYODELE received a 3 criminal history points for receiving a sentence of more than one year." She Gov's Response at 2.

Finally, AYODELE'S ineffective assistance of counsel and prosecutorial misconduct issues are hereby preserved for a collateral review under Section 2255 because are a direct violation of his constitutional rights.

May this Honorable District Court grant relief sought or any other appropriate relief.

Signed under pain and penalties of perjury under 28 USC § 1746.

Respectfully Submitted,

Dated: March 20, 2024.            /s/ _Thomas Ayodele_

Ayodele Thomas, Pro Se

Fed.Reg.No. 73342-509

FCC Yazoo City Low II

P.O. Box 5000

Yazoo City, MS 39194

**Certificate of Service**

I, Ayodele Thomas, certified that the forgoing Reply has been filed in this Honorable U.S. District Court of Mississippi throughout mail prepaid postage and a true copy has been sent to Paul D. Roberts, Assistant U.S. Attorney at Ethridge Building, 900 Jefferson Ave., Oxford, MS 38655. Signed under pain and penalties of perjury 28 USC § 1746.

Dated: March 20, 2024.            /s/ _Thomas Ayodele_

Ayodele Thomas, Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

OXFORD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| V. | § | **CRIMINAL CASE No.:3:21-CR-107SA** |
| THOMAS AYODELE. | § | |

## LIST OF EXHIBITS

1. AYODELE THOMAS'S AMENDED SENTENCING ORDER FOR POSSESSION OF MARIHUANA DATED 01/08/2009,

2. AYODELE THOMAS'S SENTENCING HEARING TRANSCRIPTS AT THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI DATED 06/13/2023.

# IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI

**STATE OF MISSISSIPPI**

**VERSUS**

ILROKO T. AYODELE **DEFENDANT**          CAUSE NO. LK 05-182A

## AMENDED SENTENCING ORDER
### (RIGHT OF REVIEW)

This day, 1-6-09 _____ into open court came the District Attorney and

the defendant, who was represented by counsel, HON. JOSH TURNER _____ The

defendant was lawfully indicted and arraigned on the charge(s) of SALE OF A CONTROLLED

SUBSTANCE- REDUCED TO POSSESSION OF MARIJUANA - 1 COUNT

_____

_____

The Court hereby finds: (1) that the defendant's petition to plead guilty was entered by the

defendant; (2) that (s)he was duly advised of his/her rights by the Court and Counsel; (3) that the

defendant has been advised of the minimum and maximum sentence; (4) that the defendant has not

been confined on a prior felony conviction; (5) that the defendant is competent to offer said plea

of guilty; and (6) that said plea is offered voluntarily, knowingly, deliberately, and intelligently by

said defendant. The Court hereby accepts the defendant's petition to plead guilty.

IT IS **THEREFORE ORDERED AND ADJUDGED** that the defendant is hereby

sentenced to serve a term of 10 YRS _____ in an institution to be designated by the

Mississippi Department of Corrections with 7 YRS _____ suspended and

3 YRS _____ to serve. Multiple counts, if any, shall be

FILE THIS THE 8 DAY OF
January 20 09
MINUTE BOOK 67 PAGE 145-147
MARY ALICE BUSBY, CIRCUIT CLERK
BY DB D.C.

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 8 of 22 PageID #: 2227
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 1 of 14 PageID #: 2112

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                                              NO. 3:21CR107

THOMAS IROKO AYODELE, a/k/a
"ROKO"                                                      DEFENDANT

SENTENCING HEARING

BEFORE HONORABLE SHARION AYCOCK
UNITED STATES DISTRICT JUDGE

Oxford, Mississippi
June 13, 2023

APPEARANCES:

For the Government:    ROBERT J. MIMS, Esquire
                       U.S. Attorney's Office
                       900 Jefferson Avenue
                       Oxford, MS  38655

For the Defendant:     WILLIAM F. TRAVIS, Esquire
                       8619 Highway 51 North
                       Southaven, MS  38671

Court Reporter:        PHYLLIS K. McLARTY, RMR, FCRR, CCR #1235
                       Federal Official Court Reporter
                       911 Jackson Avenue East
                       Oxford, MS  38655

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 9 of 22 PageID #: 2228
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 2 of 14 PageID #: 2113

2

1    (2:55 P.M.)

2          THE COURT:  Okay.  You may call the case.

3          COURTROOM DEPUTY:  The Court calls Case Number

4    3:21CR107, United States of America versus `Thomas Iroko

5    Ayodele.  This is a sentencing hearing.

6          THE COURT:  Thank you.

7          Robert Mims represents the government in this

8    proceeding.  The defendant is represented by Bill Travis.  Our

9    probation officer is Andrew Fountain.

10         Mr. Ayodele, you recall the jury trial, and in that

11   circumstance, the jury found you guilty of both Counts 1 and 2.

12   So today you are here for sentencing.  Do you understand?

13         THE DEFENDANT:  Yes, ma'am.

14         THE COURT:  Could I ask you to stand for me, please.

15   (DEFENDANT AND HIS COUNSEL COMPLY.)

16         THE COURT:  So in a previous hearing this afternoon --

17   you were present -- we dealt with the objection that is stated

18   in your presentence -- that you stated to the presentence

19   report.  You heard that argument and that decision by the

20   Court; correct?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Mr. Travis, does the defense -- defendant

23   have any other objections to the presentence report?

24         MR. TRAVIS:  No, Your Honor.

25         THE COURT:  Does the government have any objections to

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 10 of 22 PageID #: 2229
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 3 of 14 PageID #: 2114

3

1     the other parts of the presentence report?

2            **MR. MIMS:** We do not, Your Honor.

3            **THE COURT:** And that objection on restraint was

4     sustained.

5            Mr. Travis, does the defendant desire to call any

6     witnesses prior to sentencing?

7            **MR. TRAVIS:** No, Your Honor.

8            **THE COURT:** Thank you.

9            So at this time, sir, I'm going to give you an

10    opportunity to speak to the Court, matters that you want me to

11    hear and have an understanding of before we proceed for

12    sentencing. So you may speak at this time.

13           **THE DEFENDANT:** I just wanted to thank -- first of

14    all, thank you for giving me the opportunity to speak.

15           I wanted to thank my sister, Ms. Barnes, Ms. -- both

16    the Ms. Logans, and the other young lady there just come in to,

17    you know, assist me or whatnot.

18           And I just -- I wanted to say as far as the

19    accusations on me, I have never been a violent person, ever, in

20    my life other than playing football, you know.

21           Before this, two days before Mother's Day, I lost my

22    mother. And, you know, I've lost a lot of stuff, but, you

23    know, anything tangible I can -- you know, I can get that back,

24    you know, but by me losing my mother and not being able to go

25    to her funeral, that kind of hurt me, you know. You know, and

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 11 of 22 PageID #: 2230
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 4 of 14 PageID #: 2115

4

1    I wasn't -- I couldn't be there with my family, and, you know,
2    just basically, you know, that hurt me bad.
3            But other than that, you know, I will ask you to, you
4    know, have leniency on me because I'm not -- not a bad person
5    at all.  Like, I've gotten into trouble before, but I haven't
6    been in any trouble other than a simple speeding ticket.  You
7    know, I don't have any lucrative drug problem or anything like
8    that, you know.
9            I maintained a job for 15 years with the State of
10   Mississippi.  And, you know, I was just -- you know, upon these
11   accusations, I lost my job too that, you know, I only needed a
12   couple more years to retire.  But, you know, like I said,
13   that's just a job.  You know, I can get another job, you know.
14           And, basically, that's about it.
15           **THE COURT:**  Thank you, sir.
16           Mr. Mims.
17           **MR. MIMS:**  I don't intend to repeat every detail of
18   what I said earlier during Mr. Smith's sentencing.  The Court
19   has heard it and knows the Government's position.  Mr. Travis
20   was in here and knows the Government's position.
21           I would just simply point out, I hear Mr. Ayodele say
22   that he's not a violent person and not a bad person at all.  I
23   would just simply remind the Court that he actively
24   participated in a crime that involved the physical beating of
25   an approximately 65-year-old gentleman who was physically and

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 12 of 22 PageID #: 2231
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 5 of 14 PageID #: 2116

5

1    emotionally traumatized by this event.

2            You've heard and you've reviewed the testimony from

3    Mr. Cobbs at the trial.  I know also at the trial you had a

4    chance to hear the 911 call where Mr. Cobbs called 911

5    immediately after the crime, and you could hear the terror in

6    his voice, if you recall that, of that 911 call.

7            Obviously, I feel very strongly about people that

8    would commit such a crime or participate in such a crime, and I

9    do believe that Mr. Ayodele deserves a -- a significant

10   sentence within the guidelines to hold him accountable for his

11   actions.

12           That's all I have, Your Honor.

13           **THE COURT:**  Thank you.

14           Mr. Travis.

15           **MR. TRAVIS:**  If it please the Court.  Thank you, Your

16   Honor.

17           Your Honor, I know the Court has reviewed the

18   sentencing memo filed on my client's behalf, and I would

19   certainly ask the Court to consider the highlights that I've

20   tried to make; that this young man, at the age of 40 now, had a

21   criminal history category of II.  However, that's based on a

22   2009 marijuana charge; during that era, a simple possession

23   charge.  I'd ask the Court to mitigate the weight of that

24   that's inherent in that issue as we stand here today and the

25   countryside and its relationship to marijuana in general.

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 13 of 22 PageID #: 2232
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 6 of 14 PageID #: 2117

6

1    I would ask the Court to consider the many letters

2 filed on his behalf by family and loved ones that certainly

3 speak of a young man who's highly intelligent.  He has a high

4 degree of responsibility and ambition in that he's gotten

5 himself educated, was active in sports when he was in college,

6 has maintained consistent employment throughout his young life,

7 and had everything going for him in regards to not only

8 employment with the State but also self-employment.  So he's

9 certainly shown to the Court someone who is exemplary in his

10 work ethic and his ability to serve society in that regard and

11 create jobs.

12    I know he just mentioned the tragic loss of his mother

13 recently.  I spoke to his father this morning.  He is not in

14 good health, and up until his mother's passing, both of those

15 people, again, you know, looked upon Mr. Ayodele as a major

16 source of support in their lives.

17    The guideline range, Your Honor, has been adjusted in

18 regards to the Court's sustaining the objection, but I'd ask

19 the Court to consider the low end and/or a downward variance in

20 light of his exemplary behavior since he was in trouble in

21 2009.

22    On the 3553, Your Honor, I think when he was in

23 trouble before from the 2009 conviction, there was no

24 indication, no indicia whatsoever, that he did anything to

25 dishonor his probation requirements.  And, again, that was at

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 14 of 22 PageID #: 2233
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 7 of 14 PageID #: 2118

7

1    the age of 22 when he's had his own prior felony conviction.

2    He's just shown exemplary reliability, good conduct, and work

3    ethic.  That speaks loudly for his integrity.

4           He mentioned briefly -- and I don't disagree with

5    probation on the fact that there have been some minor usage of

6    drugs, but he would be willing to enter into any substance

7    abuse treatment program that the Court may deem appropriate.

8           Again, with -- you know, with that said and with the

9    memo submitted, we're asking the Court for a downward

10   departure.  I don't think as it speaks -- from the time he was

11   in trouble from the 2009 conviction until this problem here

12   before the Court today, he had not been in trouble at all.  So

13   with the exception of that, he would have come before the Court

14   with a Category I.

15         I would ask the Court to consider those remarks, and

16   we'll submit it on that, Your Honor.  Thank you.

17         **THE COURT:**  Let the record also reflect that I have

18   received several reference letters on his behalf, Mr. Ayodele's

19   behalf, and I've also received the sentencing memorandum that

20   Mr. Travis referenced, as well as the victim statement in this

21   case from Mr. Cobbs.

22         I just trust, by way of explanation, that, attorneys,

23   you can figure out that I'm kind of struggling with this case

24   because I guess I was surprised, to be very candid, of the low

25   criminal activity of all three of the defendants involved in

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 15 of 22 PageID #: 2234
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 8 of 14 PageID #: 2119

8

1   this case.  Yet, at the same time, I found Mr. Cobbs's

2   testimony at trial, as well as his victim statement, to be

3   impactful, at his age doing a job that he loved and having done

4   it for years without anything like this happening, without any

5   injury, and then just these three individuals conspiring to

6   make this a bad day for Mr. Cobbs.

7           So I have tried to take all of that into

8   consideration.  I don't necessarily think in any one of these

9   cases that the high end of the guidelines is appropriate.  It

10  seems to the Court that something more than a minimum sentence

11  at the low end is justified in these -- in this case.

12          So, Mr. Ayodele, as I referenced and spoke with

13  Mr. Smith, the sentence that I am going to impose is

14  mid-guideline.  It is, taking all of this into consideration,

15  what is an adequate sentence but not to put you at the high

16  end.

17          So having explained that, the Court adopts the

18  presentence investigation report without change.

19          The Court has previously sustained Objection Number 1

20  regarding the restraint enhancement.

21          No count of conviction carries a mandatory minimum

22  sentence.

23          The total offense level has been adjusted, based upon

24  sustaining the two-level enhancement objection, to 31 versus

25  33.  That changes the guideline range in this case, 121 to

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 16 of 22 PageID #: 2235
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 9 of 14 PageID #: 2120

9

1  151 months.  This defendant does have a criminal history

2  category of II, as compared to the other two defendants who

3  have a criminal history category of I.  The supervised release

4  range, Count 1 carries a term up to 3 years; Count 2, a term up

5  to 5 years.  And the fine range in this case, as modified, is

6  30,000 up to 300,000, but the Court understands that you do not

7  have the ability to pay a fine.

8        I'm going to remind you, Mr. Ayodele, that Count 1

9  carries a term of imprisonment up to 5 years.  Count 2 carries

10 a term of imprisonment up to 25 years.

11       The sentence is within the guideline range, and the

12 difference between the maximum and minimum of the guideline

13 range exceeds 24 months, and the specific sentence is imposed

14 for these reasons.

15       There is restitution in this case.  The total amount

16 of restitution is 61,331.88.  I'll explain to you in a moment

17 how that breaks out between the postal department and

18 Mr. Cobbs.

19       In imposing sentence, the Court has considered the

20 advisory guideline range, the statutory penalties, and the

21 sentencing factors enumerated in 18 U.S.C., Section 3553(a)(2),

22 which set forth the need for the sentence imposed to reflect

23 the seriousness of the offense, promote respect for the law,

24 and provide just punishment; to afford adequate deterrence to

25 criminal conduct; to protect the public; and also to provide

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 17 of 22 PageID #: 2236
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 10 of 14 PageID #: 2121

10

1   the defendant with educational or vocational training, medical

2   care, or other correctional treatment; also to avoid

3   unwarranted sentencing disparities; and to provide restitution

4   to a victim.

5          The Court finds no reason to depart from the sentence

6   called for by the application of the guidelines inasmuch as the

7   facts as found are the kind contemplated by the sentencing

8   commission.

9          Pursuant to the Sentencing Reform Act, it is the

10  judgment of the Court, Mr. Ayodele, that you be committed to

11  the Bureau of Prisons to be imprisoned for a term of

12  136 months.  This consists of 60 months on Count 1 and

13  136 months on Count 2.  Again, that is mid-range sentence

14  guideline.  Those sentences are to be served concurrently.

15         On supervised release -- upon release, you'll be

16  placed on supervised release on Count 1 for a term of 3 years,

17  on Count 2 for a term of 5 years.  That is also to run

18  concurrently.

19         You should -- there are -- there is -- excuse me --

20  one mandatory condition on supervision.  That is, you must

21  cooperate in the collection of DNA as directed by your

22  probation officer.

23         And there are a number of standard conditions.  Those

24  were in your presentence report.  I know you probably reviewed

25  those with your attorney, but you'll forget those based upon

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 18 of 22 PageID #: 2237
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 11 of 14 PageID #: 2122

11

1     your period of incarceration. So the probation officer will

2     review those upon release.

3          The Court is imposing a number of special conditions.

4     You shall provide the probation officer with access to any

5     requested financial information. That is in order to ensure

6     that the restitution gets paid back.

7          You shall not incur any new credit charges or open

8     additional lines of credit without the approval of your

9     probation officer. Again, to ensure that restitution is paid.

10          You shall participate in a program of testing and

11     treatment for substance abuse. The details of that will be

12     worked out by your probation officer, but you'll stay in that

13     program for as long as your probation officer thinks that's

14     necessary.

15          You shall not possess, ingest, or otherwise use

16     marijuana or marijuana products unless that is prescribed by a

17     licensed physician for a legitimate medical reason.

18          There is a search condition in your case. You shall

19     submit your person, property, house, residence, vehicle,

20     papers, computers, electronic data storage devices, or your

21     office to a search conducted by the United States Probation

22     Officer. That search would only take place from a

23     reasonable -- at a reasonable time and in a reasonable manner.

24     However, whomever you're going to live with, you do need to

25     notify them that you are subject to this search.

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 19 of 22 PageID #: 2238
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 12 of 14 PageID #: 2123

12

1    As I indicated earlier, the restitution amount that

2 you owe is 61,331.88.  The amount that -- of that that is owed

3 to the postal service is 60,706.  The amount of 625.88 is due

4 to Mr. Cobbs for some medical expenses.  Those payments will

5 begin immediately.

6    After you are released from incarceration, if there is

7 a balance owing, then you will pay that beginning 60 days after

8 your date of release.  And it will be 10 percent of your gross

9 monthly income or at least $100 per month.

10    Now, you're going to owe this amount of restitution in

11 conjunction with your other two codefendants -- jointly and

12 severally with the other two defendants.

13    No fine is being ordered in this case due to your

14 inability to pay, but you do owe the $200 to the court --

15 clerk's office.  That is $100 per count for the special

16 assessment for a total of $200.

17    Now, at this time, Mr. Ayodele, I'm going to read you

18 your right to appeal.  You have the right to appeal the verdict

19 and any sentence imposed illegally or as a result of a

20 miscalculation of the guidelines or a sentence that is outside

21 the guideline range or one that you feel is plainly

22 unreasonable.

23    If you are unable to pay for the cost of an appeal,

24 you may request that the Court waive those costs.  If you're

25 unable to afford an attorney, the Court will appoint you an

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 20 of 22 PageID #: 2239
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 13 of 14 PageID #: 2124

13

1    attorney for purposes of appeal.

2            Do you understand the judgment?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  Do you have any questions?

5            THE DEFENDANT:  No, Your Honor.

6            THE COURT:  Any other matters, Mr. Travis?

7            MR. TRAVIS:  If it please the Court, just to close

8    out, Your Honor, I would ask the Court to consider what -- if

9    it could suggest either Yazoo City, Mississippi, facility or

10   Forrest City, Arkansas.

11           Also, respectfully, for the record, on behalf of

12   Mr. Ayodele, we object to the reasonableness of the Court's

13   sentence today.

14           THE COURT:  I understand the objection to the

15   reasonableness of the sentence.  Also, the judgment can contain

16   a recommendation that you place -- be placed at one of those

17   two facilities.

18           Anything, Mr. Mims?

19           MR. MIMS:  No, Your Honor.

20           THE COURT:  Very well.  You're remanded now to the

21   marshal service.

22           MR. TRAVIS:  Thank you, Your Honor.

23           THE COURT:  Thank you.

24      (CONCLUDED AT 3:15 P.M.)

25

Case: 3:21-cr-00107-SA-RP Doc #: 222 Filed: 05/02/24 21 of 22 PageID #: 2240
Case: 3:21-cr-00107-SA-RP Doc #: 208 Filed: 09/04/23 14 of 14 PageID #: 2125

14

1      CERTIFICATE

2

3      I, Phyllis K. McLarty, Federal Official Realtime Court

4   Reporter, in and for the United States District Court for the

5   Northern District of Mississippi, do hereby certify that

6   pursuant to Section 753, Title 28, United States Code, that the

7   foregoing 13 pages are a true and correct transcript of the

8   stenographically reported proceedings held in the

9   above-entitled matter and that the transcript page format is in

10   conformance with the regulations of the Judicial Conference of

11   the United States.

12      Witness my hand, this 29th day of August, 2023.

13

14                          /s/ Phyllis K. McLarty
                            PHYLLIS K. McLARTY, RMR, FCRR, CCR #1235
                            Federal Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25

Thomas Ayodele #73742-509
FCC Yazoo City Low II
P.O. Box 5000
Yazoo City, MS 39194

U.S. District Court
Attn: Clerk's Office
Federal Building Room 3
911 Jackson Ave. East
Oxford, MS 38655

